Reedy v. Seixas.

REEDY *against* SEIXAS.

There is no particular form of notice to the endorser of a note, prescribed by law. It is enough, if, under all circumstances, it was sufficient to put him on inquiry; and this is properly a question of fact for the jury to decide.

THIS was an action by an endorsee against an endorsor of a promissory note. At the trial, the note in question was produced; which was for 1216 dollars and 50 *cents. At the bottom of the note, were the figures [*338] 1216 dollars and 52 cents; and the notary, in the notice given by him to the endorsor, of the non-payment, had expressed the latter sum. It was objected, that the notice did not refer to the same note. The judge left it to the jury, whether the note produced and the one described and intended by the notice were the same; and the jury found a verdict for the plaintiff. A motion was now made to set aside the verdict, and for a new trial.

*Wilkins*, for the plaintiff.

*B. Livingston*, contra.

*Per Curiam.* The question was properly left to the jury. The law does not prescribe any form of notice to an endorsor. It is not, perhaps, requisite, to specify the amount of

(a) See *supra*, p. 220, n. (b) 12, 13, to *Bogert* v. *M'Donald*.

the note.   The notice was sufficient to put the defendant on inquiry, and to prepare him to pay it or defend.   It is enough if the jury was satisfied that the notice referred to the same note intended by the plaintiff, and was so understood by the defendant.   It was incumbent on the defendant to show some uncertainty in the notice, tending to mislead him; as other notes endorsed by him under similar circumstances. The motion must be denied.

Rule refused.(*a*)

(*a*) No particular form of notice is indispensable to charge an endorser, if it contain a description of the note or bill, and an assertion of due presentment and dishonor made in terms sufficiently certain to put the endorser upon his guard.   It is not necessary, therefore, that it should state at whose request it was given, nor who is the owner ; (*Short* v. *Brett*, 1 Pick. 401 ; see *Mills* v. *Bank of the United States*, 11 Wheaton, 431 ;) nor that the holder looks to the party notified for payment.   (*Cowles* v. *Harts*, 3 Connecticut, 516.)   In confirmation of *Reedy* v. *Seixas*, see the following authorities :—(Chitty on Bills, ed. 1833, p. 501 ; Bayley on Bills, ed. 1830, p. 256 ; Story on Bills, 456 ; *Ransom* v. *Mach*, 2 Hill, 587 ; *Sanger* v. *Stimpson*, 8 Mass. R. 250 ; *Bank of U. S.* v. *Carneal*, 2 Peters, 543 ; *Shrieve* v. *Duckham*, 1 Litt. 194 ; *Smith* v. *Whiting*, 12 Mass. R. 6 ; *Bank of Cape Fear* v. *Seawell*, 2 Hawkes R. 560 ; *Furze* v. *Sharwood*, 2 Gale & David. 116.)