Wilde, J.,
delivered the opinion of the Court.
This case depends on the conflicting claims of the creditors of one James Kimball, an insolvent debtor; each one seeking security and satisfaction of his debt from the goods and effects of the debtor, The plaintiffs claim as trustees for sundry creditors, by virtue of an assignment made to them on the 26th of February, 1820; and if that assignment was valid at the time of its execution, so as to pass the property to the trustees, their title must prevail; as the attachment, under which the defendant claims, was not made until the first of March following.
Two objections have been made to this assignment. 1st. That it was not completed at the time of its execution by Kimball and the trustees, nor until after the attachment made by the defendant. —2d. That if it was, it was fraudulent and void against creditors, not being parties to it.
As to the first objection, it cap not be denied that the assignment was incomplete on the 26th of February. If nothing further had been done by the contracting parties after that time, the indenture would have been void and inoperative, even between the parties who had executed it. For it is manifest that the parties, named in the indenture of the first and second part, did not intend that the assignment should stand good, unless the indenture should be executed by some of the creditors of Kimball. This appears from the indenture itself, and from all the evidence in the case. [ * 457 ] *But if such had been their intention, and there had been an express agreement that the assignment should be good and absolute without the assent of the creditors, it is very clear that such an agreement would have been fraudulent and void. For in such case, there would have been no consideration for the assignment.
We are next to determine as to the legal effect produced by the signatures of the three creditors on the 28th and 29th of February. —If Kimball, on procuring these signatures, had delivered a counterpart of the indenture to the trustees, or to the creditors for their use; the contract might have been considered as complete (1). *371 But this was not done, until after the attachment made by the defendant. In the mean time, Kimball had possession of the indenture, for the purpose of procuring the signatures of other creditors. He had the power, and, for aught we can perceive, the right to cancel it; or to refuse to deliver a counterpart, if his other creditors had refused their signatures. His professed, and without doubt, his real object was, to obtain a discharge of his debts; and if this object could not be obtained, he might well refuse to consummate the proposed assignment.
The amount of the debts due to the three creditors in Boston, who executed the indenture, was only about 1700 dollars; and they could not reasonably require of Kimball to transfer any more property than would be sufficient to raise this sum and intervening charges; whereas the amount of property included in the assignment is stated at about 5000 dollars.
But if Kimball had béen bound to deliver the deed, it is a sufficient objection to the title of the plaintiffs, as to the property in question, that it was not in fact delivered until after the attachment made by the defendant.
This was not an ordinary sale of goods, which may be good without the delivery of a bill of sale, or a bill of parcels. It was an assignment of the debtor’s whole estate, household furniture excepted, to the trustees, for * the purpose of [ * 458 ] discharging his debts. No price was agreed upon, as to any of the goods or property; nor was any thing paid therefor. All the terms of the contract, the stipulations of the several parties, and the consideration, are set forth in the indenture; and until this was delivered to the assignees, the assignment was incomplete. Wheth er there was any delivery to them on the 26th of February, does not appear; but if there was, it was inoperative; being the mere formal delivery of an instrument not then completed. Such a delivery could not have given validity to a defective deed.
This being the opinion of the Court, as to the first objection to the title of the plaintiffs, it is unnecessary to consider the second. The verdict must be set aside, and the plaintiffs must be called.

Plaintiffs nonsuit.

 [It is not necessary that there should be more than one part executed; and that may be held by either party. If that party destroy it, the other may prove the contents. 4 Barton EL Conv. 82.—Shep. Touch, by Preston, 53.—Reed vs. Brookmin, 3 D. & E. 151.—Doe d. Garsons vs. Knight. 8 D. & R. 348 ; 5 B. & C. 451.—Simpson vs. Sikes, 6 M & S. 295.—Johnson vs. Baker, 4 B. & A. 440.—Murray vs. Stair, 3 D. & R. 278 ; 2 B. & C. 82.—Ed.]