## Case No. 935.

### BANK OF THE UNITED STATES v. SMITH.

[2 Cranch, C. C. 319.][1]

Circuit Court, District ·of Columbia. May Term, 1822.[2]

NEGOTIABLE INSTRUMENTS—PLACE OF PAYMENT—DEMAND—PLEADING—DEMURRER TO EVIDENCE.

1. Upon a demurrer to evidence, the court cannot render judgment for the plaintiff, if the declaration be substantially defective.

2. In an action against the indorser of a note which, in the body of it, is made payable at a particular bank, the declaration must aver a demand of payment at that bank.

[See note at end of case.]

3. From the facts, that the note was discounted by the bank at which it was made payable; that the notary, at the request of the bank, presented the note at the store-house of the maker, and demanded payment of his clerk, and that the maker had no balance to his credit, in the bank, on the day the note became payable, the jury cannot infer that the demand of payment was made at the bank, nor that their officers were present at the bank, on that day, with the note, ready to receive the money and give up the note, nor that the officers of the bank, did, on that day, turn to their books to ascertain whether the maker had effects in the bank, to pay the note.

[See note at end of case.]

At law. Assumpsit [by the Bank of the United States] against [Joseph Smith] the indorser of Richard Young's promissory note, at sixty days, for $506.44, dated 17th May, 1817, payable to the defendant, or order, at the office of discount and deposit, at Washington. At the trial, in November term, 1820, when it appeared, irf evidence, that the demand of payment was made by the notary at the store of the maker, and no evidence of any demand at the office of discount and deposit,

Mr. Taylor, for the plaintiffs, became nonsuit.

Mr. Lear, for the plaintiffs, at the same term, moved the court to strike out the nonsuit and reinstate the cause, and cited the following authorities: Chitty, 263, 264, in a note; Saunderson v. Judge, 2 H. Bl. 509; Berkshire Bank v. Jones, 6 Mass. 524; Woodbridge v. Brigham, 12 Mass. 403; Nicholls v. Bowes, 2 Camp. 498; Wild v. Rennards, 1 Camp. 425, note; Fenton v. Goundry, 2 Camp. 656; Lyon v. Sundius, 1 Camp. 423; Herring v. Sanger, 3 Johns. Cas. 71; Sanderson v. Bowes, 14 East, 500; Dickinson v. Bowes, 16 East, 110; Howe v. Bowes, Id. 112; Huffam v. Ellis, in the house of lords, 3 Taunt. 415; Bowes v. Howe, 5 Taunt. 30; Foden v. Sharp, 4 Johns. 183; Lang v. Brailsford, 1 Bay, 222; Parker v. Gordon, 7 East, 385; and Fenton v. Goundry, 13 East, 459.

Mr. Swann, contra, cited 4 Johns. 183, in notis, and the cases there cited.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reversed in 11 Wheat. (24 U. S.) 171.]

THE COURT, (MORSELL, Circuit Judge, contra,) considering the question as very important, and that the cause could not be brought before the supreme court, upon a non-suit, reinstated the cause, without prejudice to the question intended to be argued upon the sufficiency of the demand to charge the indorser.

The cause came on for trial again at May term, 1821, when the defendant demurred to the evidence, and the plaintiffs joined in demurrer.

At November term, 1821, the demurrer was argued by Mr. Swann and Mr. Hewitt for the defendant, and Mr. Lear, for the plaintiffs.

Mr. Lear cited, in addition to the other cases, Ambrose v. Hopwood, 2 Taunt. 61; Sanderson v. Bowes, 14 East, 499; and, at May term, 1822, he cited Gibson v. Hunter, 2 H. Bl. 187, 211, as to the inferences which the jury may draw upon a demurrer to evidence; and Tidd, Pr. 914, that, on demurrer to evidence, no advantage can be taken of error in pleading; and, as to sufficiency of notice, Chit. Bills, 234; Reedy v. Seixas, 2 Johns. Cas. 337; Smith v. Whiting, 12 Mass. 6; and Bank of U. S. v. Norwood, 1 Har. & J. 423.

THE COURT, having taken time for consideration, delivered the following opinion, (THRUSTON, Circuit Judge, absent:)

This is an action of assumpsit against the indorser of Richard Young's promissory note, "payable at the office of discount and deposit, Washington, without offset."

The declaration avers that Richard Young, on the 17th of May, 1817, "made his promissory note, by which he promised to pay, sixty days after date, to the order of the said Joseph Smith, 506 dollars and 44 cents, for value received, payable at the office of discount and deposit, at Washington, without offset," &c., and sets forth the indorsement in the usual form; and the plaintiffs aver that, at the expiration of the said sixty days, the time limited, that is to say, on the 19th day of July, 1817, they presented the said note to the said maker, for payment, who then and there refused to pay the same, of which said indorsement, so made on said note as aforesaid, and the said non-payment, he, the said defendant afterwards, to wit, on, &c., had notice, by means whereof, &c. Upon the trial of the general issue, the defendant demurred to the evidence, which was as follows: After setting forth the promissory note and the indorsement by the defendant, and that it was discounted at the office of discount and deposit of the Bank of the United States, at Washington, the demurrer states the protest, (the facts stated in which were admitted to be true,) and in which Mr. Nourse, the notary, stated, that on the 19th of July, 1817, at the request of the president and directors of the office of discount and de-

posit of the Bank of the United States, in the city of Washington, he presented, at the store of Richard Young, the original promissory note, and demanded payment of his clerk, whereunto he replied, that Mr. Young was not within, and that he could not pay it. That the plaintiffs then offered, in evidence, the deposition of the said Mr. Nourse, in which he testified, that on the 19th of July, 1817, he put into the post-office of Washington city, after the closing of the mail for that day, a letter directed to Joseph Smith, Alexandria, informing him that a note, drawn by Richard Young, dated 17th of May, 1817, for $506.44, and by him and W. M. Chick indorsed, was due and had not been paid. That the plaintiffs also offered, in evidence, the deposition of Samuel J. Potts, bookkeeper of the office of discount and deposit, at Washington, dated December 1st, 1820, in which he states, that on the 19th of July, 1817, when the note of Richard Young, indorsed by the defendant and W. M. Chick, became due, there was no balance to the credit of the drawer or either of the indorsers, on the books of the said office.

In the argument upon the demurrer, it was contended, on the part of the defendant, that it was not necessary for the plaintiffs to prove that the payment was demanded of the maker of the note at the office of discount and deposit, at Washington, where the note was, on its face, made payable; and that, from the evidence given at the trial, as stated in the demurrer, the jury could not infer a demand at that place. To this the plaintiff's counsel answered, that when a note is made payable at a bank, it is only necessary for the officers of the bank to turn to the books of the bank, and if they find no money to the credit of the maker, they need not make any demand of payment; and for this, he cited the case of Saunderson v. Judge, 2 H. Bl. 509, in which case there was a memorandum at the foot of the note, signed by the maker, in which he stated that he would pay it at the house of Saunderson & Co., with whom he had a cash account. Before the note became payable, it became the property of Saunderson & Co., who were bankers. No demand of payment was made of the maker. The court held, that as they, at whose house the note was to be paid, were themselves the holders of it, it was a sufficient demand for them to turn to their books and see the maker's account with them, and a sufficient refusal to find that he had no effects in their hands. The court also held, that, as the place of payment was not inserted in the body of the note, it was not necessary, in the declaration, to aver a demand at that place. He also cited the case of Berkshire Bank v. Jones, 6 Mass. 524, in which Mr. C. J. Parsons says, "The note was payable on a day and at a place certain; and the place is the bank—the plaintiff's bank. A

demand of payment need not be made at any other place, and if the holder of the note is at the bank, on the prescribed day, ready to receive the money, if the maker be there, it is enough for him; and if the maker does not come to the bank, or direct the payment there, he has broken his promise, and no other notice to him is necessary. In the case at bar, as the plaintiffs held this note, we must presume it was in their bank, and there it was made payable. They were not to look up Gleson, (the maker,) or to demand payment of him at any other place. The defendant, by his indorsement, guaranteed that, on the day of payment, the maker would be at the bank and pay the note, and that if he did not pay it there, he agreed that he would be answerable in a suit at law, without previous notice of the default of the promisor." (The defendant had waived notice, but not demand.) "If, on the trial, the plaintiffs can show that, on the day of payment, the note was in the bank, and that the servants or officers of the plaintiffs were there during the usual bank hours, to receive payment and give up the note, they will be entitled to recover, as, by the terms of the note, they were not holden to demand payment but at the bank, which was impracticable, through the default of the maker; and by the defendant's waiver, he cannot claim notice." The plaintiff's counsel also cited the case of Woodbridge v. Brigham, 12 Mass. 403, which recognizes the law as laid down in the Case of the Berkshire Bank.

The court may admit the law to be correctly stated in these cases, and yet the plaintiffs may not be entitled to judgment in the present case. In order to support an averment of a demand at the bank, it may be sufficient to prove that, on the day for payment of the note, the plaintiffs turned to their books and found that the maker of the note had no effects in their hands, or that they were the holders of the note, on that day, and were ready, at their bank, during the usual bank hours, to receive the money and give up the note; but such evidence will not supply the want of an averment in the declaration that the demand was made at the bank. The judgment of the court must be given upon the whole record, and if the court see such a defect in the declaration as would be good ground to arrest the judgment, or as would be a fatal defect upon general demurrer, they must refuse to surrender judgment for the plaintiffs, upon the demurrer to the evidence. The declaration states that the note was made payable at the office of discount and deposit, at Washington. The demand alleged in the declaration is simply a demand on the maker. It is not averred to be according to the tenor and effect of the note; nor does the averment contain any words from which it can be inferred that the demand was made at the office of discount and deposit. In the case of Sander-

son v. Bowes, 14 East, 507, it was decided, that when a note is (in the body of it) made payable at a particular place, a demand at that place is a condition precedent; and that the want of an averment of such a demand, in the declaration, is fatal upon the general demurrer, even in an action against the maker of the note. The same point was again decided in the case of Dickinson v. Bowes, 16 East, 110, and recognized by the house of lords, in the case of Huffam v. Ellis, 3 Taunt. 415, in 1811, upon a writ of error, where the bill was accepted, payable at a particular place, that is, at the house of certain persons using the names, style, and firm of Kensington, Styan, and Adams. The plaintiffs, in their declaration averred that "the said bill was shown and presented to the persons so using the names, style, and firm of Kensington, Styan and Adams, for payment thereof, according to the tenor and effect of the said bill, and the said acceptance thereof, and the several indorsements so made thereon." The judgment in the king's bench was for the plaintiffs; and, upon the writ of error, it was argued that the averment could not be true unless it was presented for payment at the place where, by the tenor of the acceptance, it was made payable; and is equivalent to a direct averment thereof, in terms. The judgment of the king's bench was affirmed, upon the ground that the declaration did substantially contain an averment that the demand was made at the place where, by the acceptance, it was made payable.

The court is further of opinion, that there is no evidence, stated in the demurrer, from which the jury can infer that the demand was made at the bank; nor that the plaintiffs, by their officers, were present at the bank on the day of payment, with the note, ready to receive the money and give up the note; nor that the officers of the bank did on that day turn to their books to ascertain whether the maker had effects in bank to pay the note. We are therefore of opinion that judgment, on the demurrer, must be rendered for the defendant.

This judgment was reversed by the supreme court of the United States, in 1826, 11 Wheat. [24 U. S.] 171.

[NOTE. In reversing this decision the supreme court held that, where recourse is had to the indorsers of a note made payable at a bank which is the holder thereof at the time the same is payable, it is a presentment, and, if the maker has no funds in the bank, it is a refusal of payment; also, that an averment in the declaration, or proof on the trial, of a demand of payment at the place designated, was unnecessary. Further, the court stated, per Mr. Justice Thompson, that, to entitle plaintiffs to recover, they "were bound to show that they were the indorsees and holders of the note; that the note was at the bank where it was made payable at the time it fell due; that the maker had no funds there to pay the note; and that due notice of the default of the maker was given to the defendant." Bank of U. S. v. Smith, 11 Wheat. (24 U. S.) 171.]