Andrews and Harrison *against* Baggs, Cochran and Co.

ASSUMPSIT in the Circuit Court of *Lauderdale* County, by *Baggs, Cochran* and Co. against *Andrews* and *Harrison.* The first count on a bill of Exchange drawn by defendants on *James Jackson, John Coffee* and others, by the name of the Cypress Land Company, in favour of plaintiffs, stating the presentment, and that Drawees refused to pay, notice, &c.

The second count stated matter of excuse for not giving notice, that drawees had no funds of drawers, &c. There were other general counts, for work done, goods sold, money advanced, &c. : general issue, verdict and judgment for plaintiffs. On the trial plaintiffs produced in evidence a Bill and Acceptance as follows : " The Trustees of the " Cypress Land Company will please pay to *Baggs, Cochran* " and Co. four hundred and twenty-four dollars seventeen " cents on account.

" P. ANDREWS,
" EDMUND HARRISON."

" *April,* 28th, 1821."

" *Florence,* 26th *May,* 1821. The Trustees of the Cypress " Land Company do accept the within order, and will pay " it when in funds of the Company.

" JOHN COFFEE,
" JAMES JACKSON,
" Agents of the Trustees."

The plaintiffs proved by the testimony of *James M. Gibson,* that a short time before the institution of the suit, at request of plaintiffs, he presented the order, accepted as above stated, to the defendant *Andrews ;* informed him that it was unpaid ; that he had presented to said Trustees, who told him that they could not pay it ; and that he was directed to call on him for payment. Andrews said that he was sorry that it had not been paid : that he had not the money, nor did he know when he could get it : that he would go and see Mr. *Baggs* and endeavour to settle it : that the Cypress Land Company ought to settle it, but as they had not, he must try and settle it himself. The defendant proved by said *James Jackson,* that the Trustees, on account of the Company, were indebted to said *Andrews* and *Harrison* to the full amount of the order and more, but that there were not at that time funds sufficient to pay said order ; and therefore

*Margin summary:* 1, Trustees of a Company accept a Bill, to be paid when in funds of the Company. Drawer not liable until they are in funds, and demand, and notice, &c. 2, Assumpsit by drawer under no mistake as to his liability, will charge him.

DECEMBER, 1823.

Andrews and
Harrison
v.
Baggs, Cochran
and Co.

the acceptance was made payable when the Trustees should be in funds : that to the best of his knowledge and recollection said *Gibson* had never demanded payment of said order of him.    This being the whole of the testimony in the cause, the defendant, by his Counsel, moved the Court to instruct the Jury that the plaintiffs are not entitled to recover in this action without proving that said Trustees were in funds of the . Company : that a demand had been made of them, payment refused, and legal notice given to defendants of such demand and non-payment ; which instructions were by the Court refused : and the Court instructed the Jury, that if from the evidence they believed that said Trustees had not funds of the Company in their hands at the time when the order was drawn on them, or at any time since, the plaintiffs were not bound to demand payment of the acceptors, and give notice to the defendants : and that if they believed that the defendants, without any mistake of their legal liability, had assumed the payment of the money to the plaintiffs, they were bound to find for the plaintiffs.

To which opinion the defendants excepted, &c.

*Andrews* and *Harrison* here assigned as Errors—1st, The declaration contains no cause of action.    2d, The Court erred in the instructions to the Jury, as stated in the bill of Exceptions.

*McKinley*, for plaintiffs in Error.—As to the first point— The declaration does not shew who were the Trustees of Company : there were more than Messrs. *Coffee* and *Jackson :* a demand of and refusal by unknown persons cannot be traversed.

As to the bill of Exceptions—The holder of an accepted Bill cannot maintain an action against the drawer until he has, at the time fixed for payment by the Bill or the acceptance, demanded payment of the acceptor, and given notice of the failure to pay, to the drawer. If the drawees had funds of the drawer, the caches of the holder in this respect discharges the drawer.

*Coalter*, for defendant in Error.—The plaintiffs in Error, when they drew on the Company, ought to have known who they or the Trustees were.    The drawees are presumed to be known to the drawers.    If they had drawn on fictitious persons, they would have been liable.

As to the bill of Exceptions—If the drawers had no effects in the hands of the drawees, they could have sustained no loss from the omission of demand and notice.    Chitty on Bills, 258, 9, 522.    Defendants, on being informed that

drawees had failed to pay, promised payment : this assumpsit bound them. Demand of drawees, and notice to drawers, are implied by it. Chitty on Bills, 303, 514, 522. 3 Johns. 68. 12 Mass. 52. 2 Campbell, 105.

Mr. *Jackson's* testimony proves that the Trustees had no funds of the Company in their hands at or after the date of the Bill. *Gibson's* testimony shews, that one of the defendants, on being informed of the circumstances, promised to pay. The Circuit Court rightly left it with the Jury to determine on the nature and effect of the promise made by *Andrews* to *Gibson* when representing the plaintiffs.

DECEMBER, 1823.<br>Andrews and<br>Harrison<br>v.<br>Baggs, Cochran<br>and Co.

Judge *Minor* delivered the opinion of the Court.

As to the bill of Exceptions—The last part of the instructions to the Jury, " that, if from the evidence, they be-" lieved that the defendants had assumed the payment of the " money, *without any mistake as to their legal liability*," we conceive to be correct : but to this part of the charge only, the many authorities cited for the defendants in Error apply. On the issues joined and evidence given, the implied as well as express assumpsit was to be tried, and the Court could not determine whether the verdict would be found on the evidence of one or the other. Admitting that the drawer is chargeable without notice, if at the time of drawing he has no effects in the hands of the drawee—what were here the effects of *Andrews* and *Harrison* in the hands of the drawees ? Not the Company's funds which their agents or Trustees might then have in possession—but the money which the Company owed to the drawers. *Andrews* and *Harrison* endeavour by the Bill to transfer a part of this money into the hands of *Baggs, Cochran* and Co. If their Bill was not paid, notice was surely as necessary as in any other case, in order that they might take the necessary steps to collect the debt due to them from the drawees. (Chitty on Bills, 257. 2 Bos. and Pull, 280.)

The case seems to have been considered as if the effects of the drawers in the hands of the drawees, and the funds of the Company in the hands of their Trustees, were here convertible terms. The Bill does not appear to have been drawn with reference to the circumstance of the Trustees having or not having funds of the Company in hand. If the drawee be wholly insolvent, the drawer, for obvious reasons, is still entitled to notice. The holders were not bound to receive the conditional acceptance ; having received it, they must abide by its terms. If they would have charged the drawers as in case of non-acceptance, they should have given them immediate notice of the terms of the acceptance offered. (Chitty on Bills, 235, 271, &c.)

DECEMBER, 1823.  For these reasons we think that the Circuit Court erred in instructing the Jury—" that if from the evidence they believed that the Trustees had not funds of the Company " in their hands when the order was drawn, or at any time " since, the plaintiffs were not bound to demand payment " of the acceptor, or give notice to the defendants." Nor should we think that instructions, as asked by the defendants, would have been correct, inasmuch as by such charges, the Jury might have been induced to lay out of view all the evidence as to the promise of *Andrews*, and to consider the demand and notice of non-payment as the sole grounds of liability. As to this, the charge should have been—That the plaintiffs, to recover solely on the implied assumpsit (and independent of the express assumpsit charged) must have proved that after the acceptors had received funds of the Company sufficient to pay the Bill according to the terms of their acceptance, the holders had demanded payment, and given to defendants legal notice of non-payment. In this opinion the Court are unanimous.

*Andrews and*
*Harrison*
*v.*
*Baggs, Cochran*
*and Co.*

The judgment must be reversed and the cause be remanded.

Judge *Ellis* not sitting.