## EAGLE BANK at New Haven *versus* ABEL CHAPIN.

The contents of a written notice to an indorser of a promissory note may be proved by parol, without giving notice to produce such writing.

A notary makes a demand on the maker of a promissory note at New York on Friday, and on the same day gives to his clerk a notice to the indorser directed to the holder at New-Haven, to be put into the post-office. On Monday morning the holder sends it to Hartford by a messenger, with orders to inquire where the indorser lives, and there the messenger puts it into the post-office directed to the indorser at Springfield. The mail closes every day at 7 A. M. at New York and reaches New Haven in the evening and Springfield at 11 A. M. on Monday and 4 P. M. on Tuesday; and a letter put into the post-office at Hartford on Monday evening reaches Springfield at 4 P. M. on Tuesday. *Held,* that as the notice arrived at New Haven it was not necessary to prove that it was put into the post-office at New York; that whether it reached New Haven on Saturday or on Sunday was immaterial, as Sunday was not to be counted; that neither the notary nor the holder was bound to know where the indorser resided, and that both had used due diligence to give him notice.

THIS was *assumpsit* against the defendant as indorser of a promissory note, payable on the 1st of November, 1822, at the Merchants bank in the city of New York. A trial was had upon the general issue.

The plaintiffs produced the deposition of W. S. Rossiter, the cashier of the Eagle bank, stating that on the 1st of November the plaintiffs owned the note. Also the deposition of W. C. Mulligan, a notary public at New York, stating that on the 1st of November, which was Friday, he presented the note at the Merchants bank for payment, which was refused ; that on the same day a notice was made out and examined by the deponent, directed to Chapin, and enclosed in a letter directed to Rossiter, at New Haven, and delivered to the deponent's clerk to be put into the post-office in New York ; that the deponent did not know the place of residence of Chapin, and therefore he sent the notice to Rossiter, at whose request the demand of payment had been made.

They produced also the deposition of J. S. Barnard, a clerk in the Eagle bank, stating that on Monday, the 4th of November, he received from the president of the bank a notice of the non-payment signed by Mulligan, with directions to go to Hartford with it and ascertain Chapin's place of residence, 181 and to put the notice into the post-office at Hartford ; which

he did a little before 9 o'clock on the evening of the same day, the mail being then not closed, to be forwarded to Springfield where Chapin resided.

It was proved that the mail from New York to New Haven and Springfield closes every day at 7 A. M. and leaves at 8, reaches New Haven the same evening, and Springfield, on Monday, Wednesday and Friday, at 11 the next morning, on Tuesday, Thursday and Saturday, at 3 or 4 P. M. ; that a letter put into the mail at New Haven at any time on Sunday or Sunday evening reaches Springfield on Monday at 11 A. M. ; and that a letter put into the post-office at Hartford on Monday evening before the mail closes reaches Springfield on Tuesday at 3 or 4 P. M.

A verdict was directed for the plaintiffs, subject to the opinion of the Court.

Sept. 29th.

*E. H. Mills* and *G. Bliss* junior now contended, that the defendant was not liable upon the note, because the plaintiffs had not proved due diligence to give him notice of its dishonor.

1. Mulligan, the agent of the plaintiffs, was bound to know the place of residence of the defendant, who was their immediate indorser, and he ought to have directed the notice to him at Springfield ; at any rate, whether it was sent to him or to the plaintiffs, it should have been put into the mail at New York on Saturday, the day after the protest. *Lawson* v. *Sherwood*, 1 Stark. R. 314 ; *Lenox* v. *Roberts*, 2 Wheat. 377 , *Whitwell* v. *Johnson*, 17 Mass. R. 449 ; *Darbishire* v. *Parker*, 6 East, 3. As it was not received by Rossiter until Monday, it may not have been put into the mail until Sunday ; the testimony of Mulligan's clerk should therefore have been produced. At least the question whether it was sent on Saturday or Sunday, should have been submitted to the jury. *Bateman* v. *Joseph*, 2 Campb. 461 ; *Hetherington* v. *Kemp*, 4 Campb. 193.

2. But if the notice was put into the post-office at New York on Saturday morning, by the course of the mail it must have reached New Haven in the evening, and the plaintiffs were bound to know the defendant's place of residence, and they were guilty of laches in not sending the notice on Sunday

morning, or at furthest Sunday evening, so that the defend-
ant might receive it on Monday morning.   In Connecticut,
Sunday evening is not kept holy, so that this case differs from
*Lindo* v. *Unsworth*, 2 Campb. 602, where a Jew was excused
from giving notice on the day of a great festival, on which all
Jews were prohibited from attending to any secular affairs.
There is no proof that the plaintiffs did not know where the
defendant resided, and the presumption is the other way, as
they received the note from him.   But if they were ignorant,
they should have made inquiry sooner than they did ; and
whether they were negligent in this respect was a question for
the jury to decide.   *Halliday* v. *Martinet*, 20 Johns. R. 175 ;
*Bateman* v. *Joseph*, 2 Campb. 461 ; *Fisher* v *Evans*, 5 Binn.
541 ; *Browning* v. *Kinnear*, 1 Gow, 81.

3. The defendant had no notice to produce the letter writ-
ten to him by Mulligan, and parol evidence of its contents
was inadmissible.   The cases cited in 2 Phil. on Ev. (6th
ed.) 21, to the contrary, do not support him.   We say that
notice to produce such notice is necessary, unless a dupli-
cate notice is produced by the witness.   *Philipson* v. *Chase*,
2 Campb. 110 ; *Langdon* v. *Hulls*, 5 Esp. R. 156 ; *Bruce*
v. *Hurly*, 1 Stark. R. 24 ; *Kine* v. *Beaumont*, 3 Brod.
Bing. 288.

*G. Bliss* senior and *Morris*, for the plaintiffs, cited to the
two first points, *Bateman* v. *Joseph*, 2 Campb. 461 ; *S. C.* 12
East, 433 ; *Browning* v. *Kinnear*, 1 Gow, 81 ; *Sturges* v.
*Derrick*, 1 Wightw. 76 ; *Baldwin* v. *Richardson*, 1 Barn. &
Cressw. 245 ; *Hartford Bank* v. *Stedman*, 3 Connect. R.
489 ; *Colt* v. *Noble*, 5 Mass. R. 167 ; *Haynes* v. *Birks*, 3
Bos. & Pul. 599 ; *Bank of Utica* v. *Smith*, 18 Johns. R.
230 ; *Bancroft* v. *Hall*, 1 Holt's N. P. R. 476 ; *Freeman*
v. *Boynton*, 7 Mass. R. 483 ; — and to the third point, Phil.
Evid. (6th ed.) 21 ; *Ackland* v. *Pearce*, 2 Campb. 601 ;
*Johnson* v. *Haight*, 13 Johns. R. 470 ; *Lindenberger* v.
*Beale*, 6 Wheat. 106 ; *Tower* v. *Wilson*, 3 Caines's R. 174.

PARKER C. J. gave the opinion of the Court to the follow-
ing effect.   It is objected, that the contents of the notice
to the defendant should not have been proved by parol, he
not having been called upon to produce the notice.   But

Eagle Bank
*v.*
Chapin.

*Oct. 1st.*

183

Eagle Bank
*v.*
Chapin.

we do not think that rule of evidence is to be applied to such a case. A notice to an indorser relates to a few simple facts, and it has been usual to prove it without calling on the party to produce the written notice received by him ; and this course is in accordance with some of the authorities cited.[1]

It is then said that the notary did not make due inquiry as to the defendant's place of residence. It was not necessary that he should know where the indorser lived. Often the indorsee does not know the fact, and in such case he shall not be obliged to act in the same manner as if he did.[2] The best thing the notary could do was to send the notice to New Haven. But it is objected, that he did not put it into the post-office in season. He was not bound to send it on Friday, for it has been decided that a man is not to neglect all other business for the purpose of giving notice to an indorser, but he shall have to the next day or the next convenient mail.[3] There is indeed no direct testimony that the notice

---

[1] *Kine* v. *Beaumont*, 7 Moore, 112; *Roberts* v. *Bradshaw*, 1 Stark. R. 28. As to the facts, which should be stated in the notice of dishonor, see *Solarte* v. *Palmer*, 3 Moore & Payne, 475 ; *S. C.* 7 Bingh. 530; 1 Tyr. Exch. R. 371 ; *Solarte* v. *Palmer*, 1 Crompt. & Jerv. 417; *Hartley* v. *Case*, 6 Dowl. & Ryl. 505 ; *S. C.* 4 Barn. & Cressw. 339; *Beauchamp* v. *Nash*, Dowl. & Ryl. N P. C. 3, per *Abbott* C. J.

Notice of non-payment need not be in writing ; *verbal* notice is sufficient. *Cuyler* v. *Stevens*, 4 Wendell, 566.

[2] See *Church* v. *Barlow*, 9 Pick. 549; *Williams* v. *Germaine*, 7 Barn. & Cressw. 468; *S. C.* 1 Man. & Ryl. 394.

[3] Reasonable diligence and attention is all that the law exacts, and it is settled that each party into whose hands a dishonored bill may pass, shall be allowed one entire day for the purpose of giving notice. *Hawkes* v. *Salter*, 4 Bingh. 715; *Firth* v. *Thrush*, 8 Barn. & Cressw. 387; *Martin* v. *Ingersoll*, 8 Pick. 8; *Talbot* v. *Clark*, 8 Pick. 51 ; *Haynes* v. *Birks*, 3 Bos. & Pul. 599; *Tunno* v. *Lague*, 2 Johns. Cas. 1 ; *Hartford Bank* v. *Stedman*, 3 Connect. R. 489 ; *Parker* C. J. in *Barker* v. *Parker*, 6 Pick. 80 ; *Bank of United States* v. *Carneal*, 2 Peters's Sup. Ct. R. 543; *Bank of Alexandria* v. *Swann*, 9 Peters's Sup. Ct. R. 33.

In North Carolina the rule respecting notice is made to vary with the pursuits of the parties, and the same strictness is not required between two farmers in the country as between merchants in town. *Brown* v. *Johnson*, 1 Devereux, 293; *London* v. *Howard*, 2 Hayw. 332 ; *Austin* v. *Rodman*, 1 Hawks, 175. See also upon this point, *Shed* v. *Brett*, 1 Pick. 405 ; *Crenshaw* v. *M'Keiman*, 1 Minor, 173; *Greely* v. *Thurston*, 4 Greenl. 479 ; *City Bank* v *Cutter*, *post*, 414; *Boston Bank* v. *Hodges*, 9 Pick. 420; *Bussard* v.

was put into the mail at New York, but this is immaterial, as it is proved to have arrived at New Haven as early as Monday morning. We discover no negligence on the part of the notary.

The defendant next objects, that it does not appear at what time the notice reached New Haven. But we are satisfied, that if the plaintiffs received it on Saturday, they were not bound to put it into the post-office again or send it by special messenger on Sunday. Neither the law nor the convenience of trade, in such a case, would require people to violate their conscientious scruples. Sunday is not to be counted. This renders it immaterial whether the notice arrived at New Haven on Saturday or Sunday. On Monday the plaintiffs sent a man to Hartford, with directions to ascertain the defendant's place of residence. It results from the nature of the transaction, that the plaintiffs did not know where he lived From Hartford the notice was sent by mail as soon as it could be. We think that the plaintiffs have used due diligence, and judgment must be according to the verdict.[4]

Eagle Bank<br>v.<br>Chapin.

---

*Levering*, 6 Wheat. R. 102; *Lindenberger* v. *Beall*, 6 Wheat. 104; *Osborn* v. *Moncure*, 3 Wendell, 170; *Bixby* v. *Franklin Ins. Co.* 8 1 .ck. 86; *United States* v. *Barker*, 4 Wash. C. C. R. 464; *Townsley* v. *Springer*, 1 Miller's (Louis.) R. 122, 515.

The holder of a dishonored note is excused from giving notice of non-payment to the indorser on the *Fourth of July*. *Cuyler* v. *Stevens*, 4 Wendell, 566.

[4] Reasonable notice, due diligence, &c., are questions of law to be decided by the court, as soon as the facts necessary to the decision are ascertained. *Hussey* v. *Freeman*, 10 Mass. R. 86; *Whitwell* v. *Johnson*, 17 Mass. R. 453; *Atwood* v. *Clarke*, 2 Greenl. 249; *Aymar* v. *Beers*, 7 Cowen, 705; *Davis* v. *Herrick*, 6 Ohio R. 66; *Bank of Columbia* v. *Lawrence*, 1 Peters's Sup. Ct. R. 578; *Taylor* v. *Bryden*, 8 Johns. R. 173; *Bryden* v. *Bryden*, 11 Johns. R. 187; *Furman* v. *Haskin*, 2 Caines's R. 369; *Phillips* v. *M'Curdy*, 1 Harr. & Johns. 187; *Bell* v. *Wardwell*, Willes, 202; *Dodge* v. *Bank of Kentucky*, 2 Marsh. (Kentucky) R. 616; *Noble* v. *Bank of Kentucky*, 3 Marsh. (Kentucky) R. 264; *Ellis* v. *Paige*, 1 Pick. 43; *Haddock* v. *Murray*, 1 N. Hamp. R. 140; *Ferris* v. *Saxton*, 1 Southard, 1.

But it will be found in practice, that these questions are in general so involved in new combinations of circumstances and so mixed up with the ingredients of law and fact, that it must be very difficult to retain on the bench the exclusive jurisdiction of them. See *Tindal* v. *Brown*, 1 T. R. 167; *Darbishire* v. *Parker*, 6 East, 3; *Hilton* v. *Shepherd*, 6 East, 14, *in notis; Bateman* v. *Joseph*, 12 East, 433; *Chesapeake Ins. Co.* v. *Stark*, 6 Cranch, 273;

*Taylor v. Bryden*, 8 Johns. R. 173; *Field v. Nickerson*, 13 Mass. R. 131; *Davis v. Herrick*, 6 Ohio R. 66.

In *Brahan v. Rayland*, 1 Minor, 85, what is reasonable notice to an indorser, was held to be a question of fact for a jury. See *Robertson v. Vogle*, 1 Dallas, 252; *Steinmetz v. Currie*, 1 Dallas, 270; *Bank of North America v M'Knight*, 2 Dallas, 158; *Ball v. Dennison*, 4 Dallas, 165; *Bank of North America v. Pettit*, 4 Dallas, 129; *Scott v. Alexander*, 1 Wash. 335; *Reedy v. Seixas*, 2 Johns. Cas. 337.