## BANK OF ROCHESTER vs. GOULD.

A *notice of protest* to an endorser that the note of A. B. endorsed by him is protested for non-payment, is sufficient to put him on inquiry, although the *amount* of the note is erroneously stated in the notice, and its date is not given ; and from the facts appearing on the trial the jury are satisfied that the endorser was not misled by the notice, they are authorized to find a verdict against him.

THIS was an action of *assumpsit* against the defendant, as the endorser of a promissory note made to him by *George Fisher*, for $375, bearing date 1st June, 1828, payable with interest in two years. On the 4th June, 1830, payment was demanded of the drawer, the note protested, and notice given to

ALBANY,
Oct. 1832.

Bank of
Rochester
v.
Gould.

the endorser in these words : "Take notice, that *George Fisher's* note for *four hundred and fifty-seven* $\frac{50}{100}$ *dollars*, and endorsed by you, was this evening protested for non-payment, and the holders look to you for the payment thereof." The notary who protested the note and gave the notice, testified that he inserted in the notice the aggregate of principal and interest. A few days after the note fell due, the defendant on being asked by the *cashier* of the Rochester Bank if he had received from the notary the notice of protest of the note of Fisher, answered that he had, and that he did not know whether he should pay it or not. The cashier further stated that the bank held no other note than the one in question, made by Fisher and endorsed by the defendant. The presiding judge charged the jury that if they believed that the defendant knew what note it was that had been protested, or had not been misled by the notice, they ought to find a verdict for the plaintiffs, which they accordingly did. The defendant asks for a new trial.

*J. R. Elwood,* for the defendant.

*G. H. Mumford,* for the plaintiffs.

*By the Court,* NELSON, J. Within the principle of the cases of 2 *Johns. C.* 337, and 3 *Wendell,* 456, the plaintiffs are entitled to retain the verdict. The notice was sufficient to put the defendant upon inquiry, and the testimony well warranted the jury in coming to the conclusion that he was not misled by the mis-description of the note. The fact that there was no other note of Fisher's endorsed by the defendant in the bank, together with his admission to the cashier, were conclusive that the defendant could not have been misled by the notice, and that it had fully answered its object.

New trial denied.