*548 The opinion was delivered at the September term, 1851.
Fletcher, J.
In this suit upon a promissory note by the indorsee against the indorser, the first question upon the far-t? stated is, whether proper notice was given to the indorser of the non-payment and dishonor of the note by the maker, and that the holder looked to the indorser; or, rather, whether the evidence as stated would have warranted the jury in finding that such notice was given. If the evidence will not warrant a jury in finding that such notice was given, then the plaintifi must become nonsuit; but if upon this evidence, the jury might properly have found the fact, that due notice was given, then the statement of facts is to be discharged and the case sent to a j ury.
In the first place, it is maintained, that the notice does not-properly inform the defendant, that the note had been duly presented to and payment demanded of the maker, and' that payment had been refused by him. It is no doubt necessary, that the notice should communicate to the indorser, in terms, or by reasonable implication, the fact, that the note had been dishonored by the default of the promisor. The law has been so held, since the decision in the cases of Hartley v. Case, 4 B. & C. 339, and Solarte v. Palmer, 7 Bing. 530, though previous to these decisions, there seems to have been a different understanding of the law, as to this point.
There is no particular form prescribed, in which this information must be given; it may be oral or xvi'itten; it is sufficient, if the" language used is such, as in express terms, or by reasonable implication, to convey notice to the indorser of the identity of the note, and that payment of it on due presentment has been neglected or refused by the maker. Gilbert v. Dennis, 3 Met. 495; Crocker v. Getchell, 10 Shep. 392; Cayuga Co. Bank v. Warden, 1 Comst. 414. In the.present case, the note, by the terms of it, was payable at the American Exchange bank, in New York. The note being thus payable at a particular bank, it was the duty of the maker, when the note became due, to go to the bank and make payment; if he did not do so, he would be in default, and the note would be dishonored; the default of the maker constituting the dishonor of the note, *549 Notice, therefore, to the indorser, of the non-payment of the note by the maker, would be notice of the default of the maker and of the dishonor of the note. In the present case, however, the notice not only distinctly informs the indorser of the nonpayment of the note, but goes further and states to him, expressly, that the note is protested for non-payment, and that the holders look to him for payment. Stating in express terms that the note has been protested for non-payment, cannot but be sufficient notice that payment has been demanded and refused, and thus that the note has been dishonored by the default of the maker. This point seems to be fully settled by the adjudged cases. Mills v. U. S. Bank, 11 Wheat. 431; Crocker v. Getchell, 10 Shep. 392; Cayuga Co. Bank v. Warden, 1 Comst. 414; Gilbert v. Dennis, 3 Met. 495; Bank of Rochester v. Gould, 9 Wend. 279; Smith v. Whiting, 12 Mass. 6; Hartley v. Case, 4 B. & C. 339; Solarte v. Palmer, 7 Bing. 530; S. C. 1 Bing. N. C. 194.
It is maintained, in the second place, that the note was so erroneously and defectively described, that the notice was for that reason insufficient to charge the defendant. But no mistake or misdescription will render the notice insufficient, if it is not of a character to mislead the indorser, and if upon the whole the notice is such as to carry home knowledge to the indorser, that the note in suit is the note intended. The inquiry here is, whether the defendant knew, from the notice in this case, that the note in suit was the note intended, and that it was dishonored by the non payment by the maker, and that the holder looked to the defendant for payment.
The jury would certainly be well warranted, in finding from the evidence, as it appears in the statement of the case, that the defendant had such knowledge; provided it should not appear, upon the trial, that there was any other note, to which the notice could refer, nor that there were any other facts or circumstances, by reason of which the defendant might have been misled as to the note in fact intended. The notice is dated on the day when the note in suit fell due, and informs the defendant, that a note for $750, the exact amount of this note, indorsed by him, was protested for non-payment. This *550 was sufficient notice of the dishonor of this note if there was no other note, and if there were no circumstances in evidence by reason of the existence of which the defendant might have been misled, through any defects or mistakes in the description of the note. Notices more imperfect than this have in other cases been held sufficient. Shelton v. Braithwaite, 7 M. & W. 436; Stockman v. Parr, 11 M. & W. 809; Crocker v. Getchell, 10 Shep. 392; Cayuga Co. Bank v. Warden, 1 Comst. 413; Smith v. Whiting, 12 Mass. 6; Bank of Rochester v. Gould, 9 Wend. 279; Reedy v. Seixas, 2 Johns. Ca. 337.
Another ground taken on the part of the defendant is, that the notice was not seasonably given. The general doctrine of the law is, that it is not necessary to send the notice by the post of the same day, on which the dishonor takes place; but that it is sufficient, if the notice is put into the post-office early enough to go by the post of the succeeding day. When there are two posts, which go out on the same day, it is sufficient, if the notice is put into the post-office early enough to go by either post of that day, however late in the day one of them may be ; for the fractions of a day are not counted. This general doctrine may admit or perhaps require some qualifications and limitations, according to the particular circumstances of the case. Story on Notes, §§ 324, 325; Bank of Alexandria v. Swann, 9 Peters, 33; Lenox v. Roberts, 2 Wheat. 373. But it is not necessary, at the present time, to go into any consideration of these qualifications and limitations; as the facts as to this point do not sufficiently appear, to render it practicable to determine what would be the law as applicable to this particular case.
The protest was made on Saturday the 16th of December, and the notary testifies, that on Monday the 18th of December he delivered the notice to his clerk, to be by him deposited in the post-office; but at what time on Monday the notice was given to the clerk, or at what time, or whether at any time, on that day, the clerk put the notice into the post-office, does not appear. Nor does it appear, at what time or times on Monday, the mail left New York for Great Barrington. These facts, it will be important for the plaintiff to show upon the *551 trial, in order to have the law settled on this point. The no* tice appears not to have been postmarked till the 19th of December.
The statement of the facts must be discharged, and the case referred back to the court of common pleas for trial.