Hoffman, J.—It
might be sufficient for me to express my concurrence in the views presented by Mr. Justice Bosworth, and with his conclusion. The fact, however, that a decision of the Court of Appeals is pressed, as settling the case in favor of the endorser, induces me to add some observations.
I agree that the decision of that Court precludes us from saying that the facts, apparent on the face of the notices of protest successively made, were sufficient to charge the endorser with the payment of the note now in suit.
But extrinsic facts and circumstances are admissible in evidence *159 to make clear an equivocal or ambiguous notice of protest, and to show that the endorser could not have failed to attribute the notice to the note in question.
If a notice, apparently sufficient, may be rendered insufficient, by proof of the extrinsic fact, of there being another note to which it could be applied, then proof can be adduced of other facts to meet and repel that conclusion. The right to go out of the notice to overthrow it, cannot be stronger than the right to support it, by the same species of evidence. Slight testimony, under the circumstances of this case, is all that can be demanded, to fix this endorser; and the facts proven on this trial amply warrant the inference, that this defendant, not only was not misled, but could not have imagined, without gross stupidity, that the notices did not refer, in succession, to the notes due in succession.
The fact, now proven, that all the notices in question were preserved by the defendant, and were produced by him at the trial, is enough, in my judgment, (apart from all other facts proven,) to save the present case from the decision referred to, and to support it within principles, admitted in the judgment of the Court. These facts, according to the reports, did not appear on the former trial.
I consider that we have the right to assume, that the previous notice or notices were before the defendant, at the period of his reception of each successive notice. It is, then, impossible but that the information received was pointed, definite and incapable of being misunderstood.
My difficulty has been, whether the questions, put by the learned Chief-Justice, were matters proper to be left to the jury.
The constitution of our tribunals has given the office of applying the law to established facts, to the Court, that .of finding the facts, to the jury.
The question, whether an endorser, asserting that he could not know, from a notice, what note was intended, had not actually matters within his knowledge, which clearly designated the note, may undoubtedly be a matter of fact, to be settled upon evidence, not demonstrative. In such a case, the jury should pass upon it. Admissions, for example, might have been made, and different witnesses have given their respective versions of them. That would be clearly a case within the province of a jury.
*160 The case of Houlditch v. Cauty (6 Scott, 299, 4 Bing. U. C. 411) appears to me a decisive and satisfactory authority upon this point. The action was against an endorser of a bill of exchange. A plea was, that the defendant had not due notice of dishonor. Presentment to the acceptor and dishonor were duly proven. A notice to the defendant was given by a letter, clearly insufficient. And proof was adduced, of a conversation between the defendant and the holders of the bill, in which he expressed his regret that the bill had not been paid.
A verdict was found for the plaintiff. A motion was made for a new trial. The Court hold the letter insufficient notice; but, coupled with the conversation, there was no ground for saying that the defendant did not receive sufficient notice of the dishonor of the' bill. And the Chief-Justice concludes:—“ The jury found, that the notice was sufficient, and we are not disposed to disturb their verdict.” Coltman, Justice, observed: “The jury have found the notice sufficient, and they are the proper judges of the effect of of the conversation,”
In the Bank of Rochester v. Gould, (9 Wendell, 279,) the Judge at the circuit left it to the jury, to say whether they believed that the defendant knew what note it was that had been protested, or had not been misled by the notice. The notice was probably defective. The fact of there being no other note at the bank, and a conversation with the cashier, were the matters adduced in evidence. A new trial was denied. See, also, McKnight v. Lewis (5 Barbour, S. C. Rep. 681).
Whatever, then, may be the rule, as to the right of a Judge to withdraw questions of this nature from the jury, I apprehend it is not matter of law, that a question of knowledge of what note a notice of protest referred to, may not be submitted to it. (Chitty on Bills, 468, note.) The general exception, then, in this instance, cannot be sustained. And it seems to me quite clear, that there was evidence upon which, a jury might be called on to pass, as to this point.