(CHANCERY.)

## LENOX *et al.* v. ROBERTS.

Where all the property of the late bank of the United States had been assigned by a general assignment in trust to assignees, for the purpose of liquidating its affairs, *Quære*, Whether any action at law could be maintained by the assignees, on certain promissory notes, endorsed to, and the property of the bank, which had not been specially assigned nor endorsed to the assignees?

However this may be, it is clear that a suit in equity might be maintained by the assignees against the parties to the notes.

A demand of payment of a promissory note must be made of the maker, on the last day of grace; and where the endorser resides in a

different place, notice of the default of the maker should be put into the post-office early enough to be sent by the mail of the succeeding day.

THIS was a suit in chancery, brought by the appellants against the respondent, in the circuit court of the District of Columbia, for the county of Alexandria; the complainants, in their bill, stated that the president, directors, and company of the Bank of the United States, by their deed, assigned to Thomas Willing, John Perot, and James S. Cox, their executors, administrators, and assigns, all and singular the mortgages, judgments, suits, bonds, bills, notes, debts, securities, contracts, goods, chattels, money, and effects, whatsoever, due or belonging to the bank; together with all the ways, means, and remedies, for the recovery of the same, upon the special trust in the deed expressed. That Thomas Willing, John Perot, and James S. Cox, afterwards assigned to the complainants, all and singular the debts included in the deed to them. The bill farther stated, that one Elisha Janney, made and delivered to the defendant five promissory notes, dated and payable at Washington, and for the following sums, to wit: one note for 1,000 dollars, payable in sixty days from the 22d February, 1809, &c.; amounting in the whole, to 4,020 dollars. That the defendant discounted the said notes in the Branch Bank of the United States, at Washington, about the times they bear date, and endorsed the same *at Washington*. That Janney did not pay the notes when they became due, and that he was insolvent when the notes

became due. That the notes being made and dated in the county of Washington were subject to the laws prevailing in Washington county, and the defendant bound to pay, on the failure of Janney to pay. The complainants claimed these debts as *proprietors thereof*; and called on the defendant *specially* to state whether Janney was not insolvent when the notes became due; whether the said notes were not *duly* protested for non-payment, and the defendant *in due time* notified thereof, and did not attempt to secure himself by some lien on Janney's property. The bill concluded by praying a decree against the defendant, for the amount of said notes.

The defendant, in his answer, did not admit that the complainants were duly authorized to recover and receive the debts due to the bank; but he admitted that the notes were by him endorsed in blank, and delivered to Janney, but contended that they were not obtained to be discounted in the bank of the United States, nor were discounted for the benefit of the defendant, but for the use and benefit of Elisha Janney, who received the money from the Bank. And that it was well known to the president and directors of the bank, that the said notes were endorsed by the defendant for the accommodation of the said Elisha Janney, without any value being received by the defendant. The defendant's answer farther alleged, that due and legal notice was not given him of the non-payment of the notes; that no demand of payment of the notes was made of Elisha Janney, by the Bank; that the notes were all dated at Alexandria; that Elisha Janney, on the

29th of May, conveyed all his property to Richard M. Scott, in trust for the payment of his debts, including the debt to the bank.

There was some contrariety of evidence as to the time when payment of the notes was demanded of the maker, and the time when notice to the defendant as endorser, who resided in Alexandria, was put into the post-office at Washington.

The bill was dismissed by the court below, on which the cause was brought by appeal to this court.

March 13th.     The cause was argued by Mr. *Swann*, for the appellants, and by Mr. *Lee*, for the respondent.

March 15th.     Mr. Chief Justice MARSHALL delivered the opinion of the court.

The court will not give any opinion whether any action can be maintained at law upon any of the promissory notes in the record, by an assignee who does not claim the same by an endorsement upon the notes. For, in this case, there is no specific assignment of these notes; the only assignment is a general assignment, in trust, of all the property of the late bank of the United States, and, as the act of incorporation had expired, no action could be maintained at law by the bank itself. Under these circumstances, the court is clearly of opinion that a suit may be maintained in equity against the other parties to the notes. Another question arises in the cause, whether the endorsers have had due notice of the non-payment by the makers. As there is some

contrariety of evidence in the record, the court will only lay down the rule. And it is the opinion of the court, that a demand of payment should be made upon the last day of grace, and notice of the default of the maker be put into the post-office early enough to be sent by the mail of the succeeding day.