# GRAFTON,

## JULY TERM, A. D. 1840.

### SMITH vs. LITTLE.

Where a promissory note is made payable in a particular town, the holder is not bound to make a demand elsewhere. Nor is he bound to give notice to one of the makers, who lives in another town, at what place he will be ready to receive payment.

If some of the makers reside in the town in which the note is made payable, it is sufficient for the holder to present it at their place of business, unless the other maker, who resides elsewhere, gives notice at what place in that town he will be ready to pay it.

There is no form prescribed for a notice, to an indorser, of the non-payment of a note. A notice which sets forth the amount of the note, with the parties, its date, and when payable; that it had been protested for non-payment on that day, and that the holder requires payment of the indorser, is sufficient.

It is not necessary to prove the dishonor of a promissory note by a protest, even where the maker and indorser reside in different governments.

Notice of dishonor may be put into the post-office, after non-payment, on the last day of grace.

ASSUMPSIT, against the defendant, as indorser of a promissory note, made by Ward & Willis and Cyrus Ingalls, to the defendant, or order, September 12, 1835, for $1500 dollars, payable in two years, in Portland, with interest.

It appeared in evidence that the note was lodged in the Canal Bank, in Portland, for collection; and before it became due the messenger of the bank left a notice with Ward & Willis, of that fact, and of the time when it would be payable.

On the 15th of September, 1837, the cashier delivered the note to a notary public, who called at the store of Ward & Willis, in Portland, and presented it to Ward, and demanded payment; but he refused to pay, alleging that the defendant had not complied with the condition agreed on. The notary

also enquired if any funds were lodged in the Canal Bank, and was answered that there were none. On the same day he enclosed a notice, in a letter to Ingalls, demanding payment of him, and put it into the post-office, directed to Denmark, Me., where Ingalls resided. And on the same day he also forwarded by mail a notice, addressed to the defendant, as follows:

" Sir—Ward & Willis and Cyrus Ingalls' note, for one thousand five hundred dollars, dated Littleton, September 12, 1835, at two years date, in favor of and indorsed by you, due this day, the last day of grace, is protested for non-payment. The holder requires of you payment thereof, with interest."

This notice was duly received by the defendant.

A verdict was taken for the plaintiff, by consent, subject to further consideration, on the foregoing case.

*Ainsworth*, for the defendant. 1. There has been no legal demand upon the makers. There was no demand on Ingalls, nor any enquiry in Portland for him. A demand should have been made upon all. 3 *Bing. R.* 611, *Selby* vs. *Eden; Chitty on Bills* 256, (7th ed. ;) 13 *East's R.* 459, *Fenton* vs. *Goundry ;* 3 *Greenl. R.* 82, *Whittier* vs. *Graffam ; Ditto* 233, *Hill* vs. *Varrell ;* 3 *N. H. Rep.* 346, *Otis* vs. *Hussey ;* 3 *Johns. R.* 208, *Boot* vs. *Franklin ;* 14 *Johns. R.* 114, *Anderson* vs. *Drake.*

2. The notice must be such as to show what the note is, and that payment has been refused. The notice in this case did not state that any demand had been made, or fully describe the note. 2 *Stark. Ev.* 160 ; 1 *D. & E.* 170, *Tindal* vs. *Brown ;* 4 *Barn. & Cres.* 339, *Hartley* vs. *Case ;* 1 *Saund. Pl. & Ev.* 296.

3. This note ought to be treated as a foreign bill. The plaintiff himself so treated it. The protest should have been offered in evidence, and a copy of it, or some memorial of it, should have accompanied the notice. If treated as an inland bill, notice should not have been given until after the third

day. 2 *Peters' R.* 170, *Townsley* vs. *Sumrall; Ditto* 586, *Buckner* vs. *Finley;* 3 *Kent's Com.* 94; 12 *Pick. R.* 483, *Phœnix Bank* vs. *Hussey;* 2 *Stark. Ev.* 162, (5th *Am. ed. ;*) 5 *D. & E.* 239, *Gale* vs. *Walsh;* 12 *East* 171, *Legge* vs. *Thorpe; Chitty on Bills* 217, 310 ; *Bayley on Bills* 118; 6 *Mass. R.* 386, *Blakeley* vs. *Grant.*

*Bellows,* for the plaintiff.    1. In the case of a note payable at a particular time and place, a personal demand on the maker is unnecessary.    6 *Mass.* 524, *Berkshire Bank* vs. *Jones;* 13 *Mass.* 556, *Woodbridge* vs. *Bingham;* 3 *N. H. Rep.* 333, *Eastman* vs. *Fifield;* 8 *Mass. R.* 480; 17 *Mass. R.* 389; *Chitty on Bills* 248, *note;* 2 *Peters* 549; 8 *Cowen* 271.   Where a note was payable in " Boston," it was held that a presentment was not necessary.   15 *Pick.* 212, *Payson* vs. *Whitcomb;* 13 *Pick.* 465.   However this might be, a notice to the maker, of the place selected by the holder, for payment of the note, would render a personal demand unnecessary.   1 *N. H. Rep.* 80, *Tredick* vs. *Wendell;* 13 *Pick.* 465.

Here notice was given to Ward & Willis that the Canal Bank was selected as the place of payment; and we hold that a notice to one, for this purpose, was notice to all.

But we go further, and say that a demand was actually made upon Ingalls, so far as the nature of the case would admit.

In ordinary cases a demand upon the maker through the post-office is not sufficient, for the simple reason that to constitute a legal demand, the note must be presented—the person making the demand must have the note with him.

In this case, such a demand could not be made at Denmark. The note was payable in Portland, and could not be presented elsewhere.   All, therefore, that could be done was to give notice where the note was to be found, and it is well settled that notice through the post-office is sufficient.   9 *Pick.* 421, *Boston Bank* vs. *Hodges.*

2. The law does not prescribe any form of notice to an

Smith v. Little.

indorser.   All that is necessary is, that it should be sufficient to put the party upon inquiry, and to prepare him to defend himself.   2 *Johns. Cas.* 337, *Reedy* vs. *Seixas* ; *Chitty on Bills* 219, *note* ; 3 *Conn. R.* 516, *Combs* vs. *Harts* ; 11 *Wheat.* 431, *Mills* vs. *Banks* ; 12 *Mass. R.* 6, *Smith* vs. *Whiting* ; 1 *Pick. R.* 401, *Shedd* vs. *Brett* ; 2 *Peters* 543.

3.  A protest, formally drawn up, is necessary only in cases of foreign bills of exchange.    5 *Johns. R.* 375, *Miller* vs. *Hackley* ; *Chitty on Bills* 218.    Bills of exchange were introduced for the purpose of transmitting funds from one kingdom to another, and their character and privileges were marked and regulated by the custom of merchants.   By that custom, founded upon necessity, the formal protest of a notary public, at the place of payment, was evidence of the dishonor of the bill at the place where it was drawn.   The bills were always drawn in sets, and their dishonor subjected the drawer to the payment of heavy damages and costs.

At a later period inland bills of exchange were introduced, and for a purpose entirely different.   As their name would seem to imply, they were used only in connection with domestic trade, for the adjustment of balances between merchant and merchant, in the same kingdom.

For a long period after the introduction of inland bills of exchange, promissory notes did not possess even the character of negotiability, until the statute of the 3 & 4 Anne, c. 9, which provided that such notes, when payable in money, and to order, shall be assignable or indorsable over, in the same manner as inland bills of exchange are, or may be, according to the custom of merchants.   It also provides that the payee or indorsee of the note may maintain an action against the maker, as upon an inland bill of exchange.   With these two provisions the statute ends, leaving the remedy, as between indorser and indorsee, to be regulated by judicial decisions ; and this has been done, in accordance with the policy of the statute, by adopting the rules on that subject which apply to inland bills.

Smith *v*. Little.

On what ground, then, can we assert that promissory notes are to be treated as foreign bills of exchange? They correspond neither in form or in object, and no law or judicial decision can be found that recognizes such a doctrine.

Whether bills of exchange, drawn in one state and payable in another, are foreign or inland, (and the point seems open to great uncertainty) it can have no bearing upon the character of promissory notes, which by the statute are made to partake of the nature of inland bills of exchange only, and cannot be affected by any change of the law which distinguishes between foreign and inland bills.

It is expressly held, that although it is practised in many of the states to protest promissory notes, it is not necessary. 6 *Wheat.* 146, *Young* vs. *Bryan ; Ditto* 572, *Union Bank* vs. *Hyde ;* 8 *Wheat.* 326 ; *Bayley on Bills* 169, *note ;* 1 *Yeates* 145 ; 2 *Bay* 374 ; 4 *D. & E.* 175, *Leftly* vs. *Mills ;* 2 *Barn. & Ald.* 696, *Windle* vs. *Andrews ;* 2 *Stark. R.* 425, *S. C.*

4. The neglect to pay, on presentment, is a dishonor of the note, and notice may be given immediately. *Bayley on Bills* 171 ; 1 *Pick.* 401 ; 2 *Ditto* 125 ; 3 *Ditto* 418.

*Bell*, in reply.

PARKER, C. J. The demand upon Ingalls, by a letter directed to him at his place of residence in Denmark, Maine, which was put into the post-office on the last day of grace, at the time the note was protested, was wholly unavailing to charge the indorser. It could not have the effect of a demand upon Ingalls. It was not a requirement upon him to pay the note when it was due, nor, in the ordinary course of business, could it enable him so to do before the notice was sent to the defendant.

But the note having been made payable in Portland, the holder was not bound to make a demand elsewhere. 3 *Johns. R.* 208, *Boot* vs. *Franklin ; Ditto* 202, *Mason* vs. *Franklin ;* 15 *Pick. R.* 212, *Payson* vs. *Whitcomb.* Nor was he

bound to give a previous notice to Ingalls at what place, in Portland, he would be ready to receive payment when the note became due.

Had Ingalls given notice that he would be ready to pay at any particular place in Portland, it might have been the duty of the holder to make a presentment at that place. Not having done so, it was sufficient for him to present it at the place of business of Ward & Willis, in Portland, who were joint makers. If, without any notice from Ingalls, it can be regarded as payable at any particular place in Portland, it must be because it bore their signature ; they being in business in that place, and a presentment at their place of business must, in that view, be sufficient.

Had the note been made payable at one of several places in Portland, it might have been incumbent on the holder to give notice at which of them it might be found. 13 *Pick.* 465, *North Bank* vs. *Abbot.*

We are of opinion also that the notice is sufficiently specific. No particular form is necessary. It sets forth the amount of the note, its date, and the length of time it had to run, which is a sufficient description of the note itself; and it states that it had been protested for non-payment ; from which the defendant must have understood that a demand had been made, so far as the holder supposed a demand was necessary, and that the note had not been paid. It is expressly stated that the holder required payment of the defendant. This gave him sufficient information upon which to act in the matter. 9 *Peters* 33, *Bank of Alexandria* vs. *Swann ;* 11 *Wheat. R.* 431, *Mills* vs. *Bank of the U.States ;* 4 *Barn. & Cres.* 339, *Hartley* vs. *Case ;* 1 *D. & E.* 170, *Tindal* vs. *Brown.*

The question whether an indorsed note may be treated as a foreign bill of exchange, so far as to admit a protest, by a proper officer, as evidence of its dishonor, when the maker lives in one state of the Union, and the payee and indorser in another, was somewhat considered in *Carter* vs. *Burley,*

(9 *N. H. Rep.* 558.) To the authorities there cited, 2 *Greenl. R.* 210, *Mead* vs. *Small;* 5 *Adolph. & Ellis* 436, *Gwinnell* vs. *Herbert, and* 13 *Peters* 146, *Wallace* vs. *McConnell,* may be added. But it is not necessary to settle that question at this time. An indorsed note, although it may have a similitude to, and an operation like, a bill of exchange, is not one, technically speaking ; and it is not necessary to prove its dishonor by a protest, even where the maker and indorser reside in different governments. 8 *Wheat.* 326, *Nicholls* vs. *Webb;* 3 *Pick.* 414, *City Bank* vs. *Cutter;* (9 *N. H. Rep.* 565.)

It was not too early to put a notice in the post-office, after non-payment, on the last day of grace. *Bayley on Bills* 171 ; 9 *Peters* 33 ; 2 *Wheat.* 373, *Lenox* vs. *Roberts;* (9 *N. H. Rep.* 571, *and cases cited.*)