## WILLIAMS *vs.* PUTNAM & a.

When the indorser of a note lives in one state, and the maker in another, the operation of the indorsement is so far similar to the drawing of a bill of exchange, that, in an action against the indorser, the dishonor of it may be proved by a protest.

But previous to the adoption of the revised statutes, a protest was not evidence that notice of the dishonor was given to the indorser.

ASSUMPSIT, upon a promissory note indorsed by the defendants. The declaration alleged the making of the note by one Little, November 18, 1839, at Littleton, N. H., to the order of the defendants, under their firm name of Truman Stevens & Co., for $500, payable at the Suffolk Bank in Boston, in nine months, and the indorsement and delivery of said note to the plaintiff. " And the plaintiff, on the twenty-first day of August, A. D. 1840, when the note became payable, presented the same at the Suffolk Bank, in said Boston, and the same was not paid, but was protested; of all which the said defendants thereafterwards, on the same day, had due notice, by reason whereof" they became liable, &c.

The defendants pleaded the general issue.

In support of his allegations as to presentment, protest and notice, the plaintiff gave in evidence a protest under the hand and seal of William Stevenson, notary public, which stated, in the usual form, that on August 21, 1840, he went to the Suffolk Bank with the note, "and, presenting said note to the paying teller, demanded payment thereof, the

time therein limited and grace having elapsed, to which he answered, 'The promiser has no funds here.'" The notary's protest continues thus: "I sent notice of the nonpayment thereof to the promisor and first indorsers, per mail to Littleton, N. H., requiring payment of them respectively."

The defendants objected to the sufficiency of this evidence for the purposes for which it was offered; but the court overruled the objection, and a verdict was returned for the plaintiff, which the defendants now move to set aside.

The trial was at the February term of the common pleas court, 1843.

*Bellows*, for the defendant.

*Thompson*, for the plaintiff.

PARKER, C. J. It has become almost a trite remark, in the courts of the various states of this Union, that although, for certain purposes, the states form but one government, and are properly to be regarded as one entire nation, those purposes are of limited character, and that beyond them, the states conduct their internal affairs as independent communities. Among the relations and subjects with reference to which they are to be regarded as foreign to each other, are those questions which arise as to the drawing, negotiation, presentment, &c., of bills of exchange and promissory notes. 9 *N. H. Rep.* 558, 566, *Carter* vs. *Burley.* With regard, therefore, to a bill of exchange, such evidence of presentment, &c., as has been introduced in this case, would, under the circumstances, be sufficient, if payable in another state than that in which it was made. 1 *S. C. R.* 100, *Duncan* vs. *Course;* 4 *Wash. C. C. R.* 86, 148, *Lonsdale* vs. *Brown;* 12 *Pick.* 483, *Phœnix Bank* vs. *Hussey;* 2 *Peters* 170, 180, *Townsley* vs. *Sumvall;* 2 *Peters* 586, *Buckner* vs. *Finley;* 12 *Peters* 32, *Bank of U. States* vs. *Daniel & a.;* 15 *Wend.* 527, 531, *Wells* vs. *Whitehead.* But

the instrument now sued on is not a bill of exchange. On the face of it it presents to us nothing more than an ordinary promissory note. And "a protest of an inland bill or note, is not evidence of a demand or notice." *Bayley on Bills* 516; 3 *Pick.* 414, *City Bank* vs. *Cutter*; 8 *Wheat.* 326, *Nicholls* vs. *Webb.* It appears that this note is dated at Littleton, in this state, and is made payable at a bank in Massachusetts.

By the cases above cited, and many others, it is well established, as we have already said, that were the instrument a bill of exchange, these facts are sufficient to make it a foreign bill. 6 *Shepley* 292, *Freeman's Bank* vs. *Perkins.*

We are thus brought directly to the point discussed in 9 *N. H. Rep.* 558, 564, *Carter* vs. *Burley*, and again alluded to in *Smith* vs. *Little*, 10 *N. H. Rep.* 526, 531. In the last case it is said, that "an indorsed note, though it may have a similitude to, and an operation like a bill of exchange, is not one, technically speaking; and it is not necessary to prove its dishonor by a protest, even where the maker and indorser reside in different governments." But it by no means follows that it *may* not be proved in that way, although it is not *necessary* so to prove it. And we have no hesitation in adopting the conclusions to which the reasoning in those cases leads, but which were not points actually decided in either of them. It is not necessary to repeat the reasoning at large. Each indorsement of a bill, is, in effect, a new bill, drawn by the indorser upon the acceptor; and the similarity between the indorsement of notes, and the drawing and indorsement of bills of exchange, is so great, that there can be no sound reason given for establishing or preserving a distinction between them, and requiring a different character of evidence to prove the same facts with regard to two instruments, which, though different in some respects as to their formal phraseology, are so essentially similar in their nature and operation.

Thus far the ruling of the court below was right. The

protest is to be received as evidence of the presentment and demand. But a distinction is taken as to the proof of notice. " Although the protest must be made according to the law of the place of acceptance, yet the notice to the drawer must be according to the law of the place where the bill was drawn, and to the indorsers according to the law of the place where their indorsements were respectively made." *Story on Bills,* § 285 ; 1 *Chitty & Hulme on Bills* 167, (*9th Ed.*) Now the place at which the defendants indorsed this note, was within the state of New-Hampshire, and at the time the note matured, (August 21, 1840,) a protest was not, in this state, evidence that notice of the dishonor of the note had been given to the indorser. The revised statutes, passed in 1842, have altered the law of the state in this respect. See *ch.* 14, § 3. But that can not affect this case. At the time of the transaction we are now considering, the law was otherwise, and the instructions of the court on this point were erroneous. The defendants' motion, therefore, must prevail.

*New trial granted.*