CRAIN
v.
COLWELL.

---

CRAIN *against* COLWELL.

Where the holder of a note received part payment of the maker of the note, after it fell due, and before calling on the endorsor, it was held that the endorsor was discharged; and a promise by him to pay the note, made without knowledge of a demand on the maker, and due notice to the endorsor, was not binding.

IN error, on *certiorari*, from a justice's court.

*Colwell* sued *Crain*, as endorsor of a promissory note, given by one *Gillet* to him. After the note was negotiated and had become due, the plaintiff received part of it of the maker. Three months after it fell due, and a few days after the maker had absconded, the plaintiff demanded the balance of the defendant, who said, he would "turn out notes, though he did not think he was holden, since *Gillet* went away." The plaintiff refused the notes. At a subsequent time, the defendant refused to give them to the plaintiff. There was a judgment for the plaintiff.

*Per Curiam.* *Crain* was not holden as endorsor. There was no proof of a demand on the maker, and notice of non-payment to *Crain*, as endorsor. As the holder had received part payment of the maker, after

the note fell due, and two months before he called on the endorsor, it is to be presumed that he looked solely to the maker, and gave him credit. This was also a discharge to the endorsor. Nor was the promise by the endorsor binding, unless upon the terms prescribed, which were refused. It does not appear that the promise was made under a knowledge of the want of a due demand on the maker, and due notice to him ; and if he had such knowledge at the time, the promise was conditional, and not binding, except upon the terms imposed. The judgment below must be reversed.