Parker, C. J.
Excluding the day of the date of the note declared on in this case from the computation of the ninety days, in which it was payable, it became due on the 31st of March, 1813. It was decided, in the case of Henry vs. Jones,(1) cited in the argument, and the decision has ever since been adhered to, that a demand must be made on the promissor on the day the note becomes due, or diligence shown to make the demand ; and immediate notice of the failure to pay must be given to the indorser, or he will not be held liable. Where the indorser lives in the same town with the [*405] promissor, he ought to be notified on the same day * on which the demand is made. The defendants in the case at bar were so notified. So that the only question is, whether the demand was seasonable. But, that having been made on the 1st day of April, instead of the 31st of March, it was insufficient to charge the indorsers, provided a personal demand on the promissors, or an attempt to make it, was necessary in the present case.
The note was payable at the Hartford Bank, and the contract of the indorsers was, that the promissor should appear there on the day appointed for payment, and take up the note, if the proper officers of the bank should be there ready to receive the money. Now, it was *355 determined in the case of The Berkshire Bank vs. Jones,(2) which was also cited in the argument, that no demand, or attempt to make one, of the promissor, is necessary in such case to charge the indorser ; it being sufficient that the officers were ready to receive the money. The promissors also had the right to refuse to make payment anywhere but at the Hartford Bank, where they might have provided funds to meet their engagements. It is doubtful, therefore, to say the least, whether a demand upon them at Northampton on the 31st of March would have been a legal demand, so as to bind the indorsers. For on that day the note ought to have been at the bank ; and, had the promissors been there on that day, and tendered the amount of their note, such a tender might have been pleaded in bar of any action against them.†
As, therefore, no demand upon the promissors at Northampton was necessary in order to make the indorsers liable, the true question is, whether, after the failue of the promissors to make the payment at the bank, according to their contract, seasonable notice of this failure was given to the indorsers. Northampton being a full day’s journey from Hartford, and as the note might have lain in the bank the whole of the 31st of March, in expectation of its being paid, the notice on the next day was as early as it was practicable to give it to the indorsers.
Under these circumstances, this note being payable at a specified time and place, we think the case does not come * within the rule laid down in Henry vs. Jones ; and that [ * 4061 there ought to be a new trial, with leave to amend the declaration, if that should be necessary, upon payment of costs.‡

New trial granted.

 8 Mass. Rep. 453.

 6 Mass Rep. 524.

 Sanderson vs. Judge, 3 H. Bl. 509.—Ambrose vs. Hopwood, 2 Taunt. 61 — Dickenson vs Bowes, 16 East, 110. — Garnett vs. Woodcock, 1 Stark. 475. — Trecothie vs. Edwin, 1 Stark. 468. —Selby vs. Edes, 3 Bing. 611. — Fayle vs. Bird, 6 B. &. C. 531.-Rhodes vs. Gent, 5 B. & A. 244.— Callaghan vs. Aylett. 2 Camp. 551. — 3 Taunt. 397. -Rowe vs. Young, 2 Br. & Bing. 242. — Gammon vs. Schmoll, 5 Taunt. 344. — Marsh. 80 — Vide Lincoln & Kennebec Bank vs. Page, 9 Mass. Rep. 155, and note.

 A new trial was not granted, as is here erroneously stated, but judgment was rendered on the verdict. The above was not the opinion of the whole Court, which is reported in a subsequent volume. (Vide S. C., 13 Mass. Rep. 556.) The decision of the Court turned upon the fact, that the note was not at the Hartford Bank, or in the possession of any of the officers thereof, or presented there by any one on the day it became payable. (Vide Freeman vs. Boynton, 7 Mass. Rep. 483. Sed vide Whitwell et al. vs. Johnson, 17 Mass. Rep. 449. — Carley vs. Vance, 17 Mass. Rep. 339.)