THIS is an action of assumpsit, brought against the appellee on a bill of exchange drawn by Edward Hughart, endorsed by the appellee, and accepted by Walter Caldwell, the drawee, now held by the appellants, made payable in Philadelphia.
The court below instructed the jury, that if they should find, from the evidence, that the bill'was protested before the expiration of the third day of grace, then the law was for the defendant. The jury found a verdict accordingly, and the plaintiffs in that court have appealed to this.
It is contended here, that the bill was rightfully pro. tested, and ought not to be protested after the last day of grace was over; although it appeared in proof that the drawer, drawee and endorser all lived in this state, within a few miles of each other. On the other hand, it is contended that the bill is domestic or inland ; and that, according to the law merchant and our statute on thé subject, such a bill could not be protested'until the last day of grace had fully expired. •
We have not thought it' necessary to enquire into th.e character of this bill, or to determine on which day it ought to have been protested, had it been exclusively held by individuals ; for it is admitted in the plead, ings, and incontestibly proved in the cause, that the bill was discounted at (he instance of Hughart, the drawer, and for his benefit, by the’ independent Bank of Carlisle, who paid the sum for which it sold in post notes, and the bank sold and delivered it, endorsed' in blank,’to the present appellants, Who have filled up the endorsement to themselves. According, then, to the decision of this court, at the present term, in the cases of the Farmers and Mechanics’ Bank of Lexington vs. Turner, &c. and the Bank of Kentucky vs. Brooking and Clarke, on similar bills, this bill having been discounted by the bank, by the express directions of its charter, is placed on the fooling of a foreign bill of exchange, and must be treated as such in the hands of every subsequent holder for a valuable consideration. And there can be no doubt, that a foreign bill is prop, erly protested on the last day of grace. It may be contended, that the word, bills, uped in the' charter, does not mean bills of exchange, but only penal or single bills, such as had been previously mentioned in tlie.act | but, as the expression, « all bills or notes/5 *390 is very comprehensive, and is followed by the words “ drawers or endorsers,” which characterize the parties to a bill of exchange more properly than a note, or single or penal bill, we conceive them included ; and the legislature intended to place all the paper discounted by the bank, on the privileged footing of foreign bills of exchange, and as such they must be treated.
The judgment of the court below must, therefore, be, reversed, the verdict set aside, and the cause remanded for new proceedings accordant with this opinion.