### WHITTLESEY & STONE vs. LEMUEL DEAN.

An endorsee, to fix the endorser, must present the note for payment at the time it falls due, and must give notice to the endorser of non-payment, within a reasonable time, which, according to the general rule, if he resides in the same place, must be on the same day, or at farthest by the next day, or if in a different place, by the next post.

If an endorsee give time of payment, the endorser is discharged.

It is the duty of the assignee of a note not negotiable, who takes upon himself to pursue the maker in the first instance, or of one holding a note in trust, to demand payment as in case of an endorsee, and if the note is not paid, forthwith to attach estate of the debtor, if to be found, and if not, to attach his body; unless the maker abscond leaving no effects, or becomes bankrupt.

THIS is an action on the following described note, viz:---

"$196,41.                               *Cornish, June* 10, 1820.

"For value received of *Whittlesey & Stone*, I promise to pay "them, or order, one hundred and ninety-six dollars and "forty-one cents, with interest, on the first day of October, "1821.

(Signed)                           LEMUEL DEAN."

Defendant admits the execution of the note.

There was paid and endorsed on the same, Oct. 15, 1822, $56.

On the 1st day of July, 1822, the defendant endorsed to the plaintiffs (in blank) a note executed by *Benjamin Smith* to the defendant, for $80, dated 16th Oct. 1821, and payable to defendant or order in one year from its date, with interest;----at the same time, the defendant transferred to the plaintiffs by delivery, another note of the same date and amount, executed by same, payable to one *David Wheeler* or order, in one year, with interest, and endorsed (in blank) by said *Wheeler*.

For these notes the plaintiff, Whittlesey, gave a receipt, which, after describing said notes, proceeds as follows:

"Which notes I am to account for, when collected, by apply- "ing the same towards payment of a certain note which I now "hold against said *Dean*: which said notes are to be delivered "up to said *Dean*, on his paying the said note I now hold against "him, or giving me other satisfactory security for the payment "thereof, at any time previous to said 16th day of October next.

(Signed)                     "NEWTON WHITTLESEY."

On some day between the 16th Oct. 1822, (the day on which the notes against *Smith* fell due) and the 16th Nov. after, the plaintiffs sent the notes to a Mr. *Bryant*, to be by said *Bryant*

*Windsor,*
*February,*
*1827.*

*Whittlesey*
*&*
*Stone*
*vs.*
*Dean.*

presented to *Smith* for payment.----They were presented, and *Smith* promised *Bryant* that they should be soon paid. *Bryant* returned the notes to the plaintiffs, and they have not been paid. At the time they became due, and for some few days after they were presented by *Bryant* to him, *Smith* had in his possession, property sufficient to have secured the amount of the notes, which could have been taken by attachment.

Some twelve or fourteen days after *Smith* was thus called on by *Bryant*, he became insolvent.

The defendant had no notice from the plaintiffs of the demand on *Smith*, or his refusal or neglect to pay, until the 11th December, 1822, the day of service of the writ, when the plaintiffs offered to return to defendant said notes, and demanded the receipt aforesaid.

On the foregoing statement of facts, it is agreed by the parties---that if the Court be of opinion that the defendant is entitled to set off and be allowed for the amount of the notes against Smith, judgment is to be rendered for the defendant for $4,62, and his costs;----if the Court are not of that opinion, then judgment to be rendered for plaintiffs for $190,37.

*Coolidge & Aikens,* for the plaintiffs.

*H. Everett,* for the defendant.

SKINNER, Ch. J. pronounced the opinion of the Court.

Whether the plaintiff is to be regarded as the endorsee of the notes against Smith, and subjected to the ordinary duties of making seasonable demand and giving notice, or as the agent of Dean in obtaining payment and satisfaction of the maker, is not a question to which our attention has been particularly called, as in either point of view, we consider he has made the notes his own, and of course his claim upon the note here in suit against the defendant is extinguished.

As endorsee of the notes, it was his duty to have presented them for payment at the time they fell due, and to have given notice to the endorser of non-payment, within a reasonable time, which, according to the general rule, if he resides in the same place, must be on the same, or at farthest, by the next day, or if in a different place, by the next post.----1 *T. Rep.* 167. ---2 *Wheat.* 363.----1 *Bur.* 676--7.----2 *Str.* 1087.----*Doug.* 515.----8 *East.* 245.----12 *Mass.* 403.

Though these general rules may be rendered inapplicable in particular cases by circumstances, yet in this case there is nothing from which the jury could infer that the holder would be excused for not complying with them. The defendant, therefore, from the facts presented, would be discharged, if this suit was against him as endorser of the notes.

There is in the case that from which the jury might probably infer, that a credit was given by the plaintiffs to the maker of the notes. If the endorsee has given time, he makes the

*Windsor,*
*February,*
*1827.*

Whittlesey
&
Stone
*vs.*
Dean.

notes his own, and the endorser is of course discharged.----*Sel-wyn,* 274.----*2 Bos. & Pul.* 61.----*8 East.* 576.----*8 John. Rep.* 384.

If the plaintiff is to be considered as holding the notes in trust for, and as the agent of the defendant, by reason of the undertaking and contract evidenced by the receipt he gave therefor, he was bound to exercise ordinary diligence at least. We consider his duty is to be measured by the rule applicable to the endorsee of a note not negotiable, and in which the holder has undertaken to pursue the maker in the first instance, having recourse to the endorser only in case of the ultimate failure of the maker to pay.

Heretofore, there has been much diversity of opinion in this state, in relation to the duty of the endorsee and holder of a note, and the liability of the endorser, whether the same was negotiable under the English statute of Anne, or not, our statute not having made any notes negotiable, or rather not having placed them on the footing of bills of exchange. Much difficulty has arisen in attempting to adopt any definite rules on the subject, more especially as applicable to notes not made payable to order or bearer, and notes endorsed after falling due. In looking at the reported cases, if there are to be found no contradictory decisions upon the material grounds upon which they severally rest, it is apparent a difference of opinion has been entertained upon some points, and in a late case of *Nash* vs. *Harrington,* decided in *Chittenden* county on the present circuit, the court, on full consideration, determined there could be no better rules applied to the subject than those which have been established in other governments, where the law merchant is adopted in reference to notes made payable to order or bearer, and certainly none so well calculated to prevent litigation.

As to the duty of an assignee who takes upon himself to pursue the maker, in the first place, having made demand of payment in time, according to the law as applied to endorsees generally, it is his duty, if the note is not paid, forthwith to attach the estate of the debtor, if to be found, and if not, to attach the body; nothing short can be considered the exercise of that faithfulness, care and diligence which his assigner or endorser may reasonably expect of him, and without which he must be considered as making the note his own. Should the maker abscond, leaving no effects behind, or become bankrupt, the case would be varied.

There are no facts in the case from which it can be presumed the plaintiffs made demand of Smith, till one month at least had elapsed after the notes fell due. They were sent to his agent, *Bryant,* within one month, and by him afterwards presented for payment. The burden of proof resting upon the plaintiff, he can insist on nothing short of the extreme period of time.

*Windsor,*
February,
1827.

Whittlesey
&
Stone
*vs.*
Dean.]

The case shows the debts might have been secured afterdue by attachment of property. We consider, therefore, from the whole case, the plaintiff has no claim, and that judgment must be for the defendant, and for the sum agreed by the parties, according to the rule.