## Schofield and Taylor *vs.* Bayard and others.

In an action against the drawers of a bill of exchange, dishonored by the drawees, but accepted by third persons supra protest for the honor of the drawers, payment must be demanded of the drawees, and notice of non-payment given.
Where a bill was payable in London, but by mistake was sent from Birmingham, where the holders resided, to Liverpool, to be presented for payment, and the mistake was discovered and attempted to be cured by sending the bill to London, where it did not arrive until two days after its maturity, but would have arrived in season but for the oversight or negligence of the clerks of the post office in Liverpool, it was held, that such mistake or negligence was not a sufficient excuse for not presenting the bill on the day it fell due.
It seems, that where there is an impossibility to present the bill on the day it falls due, owing to unavoidable accidents, and the holder is not in fault for the delay, a subsequent presentment will be good.

THIS was an action of assumpsit, tried at the New-York circuit in January, 1828, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The defendants drew a bill of exchange in the name of Le Roy, Bayard & Co., (the name of their firm,) dated New-York, 15th August, 1825, upon Messrs. Crowder, Clough & Co. of Liverpool, for £1000 sterling, payable in London, at 60 days after sight, to Mr. E. Peterson or order, and by him endorsed to the plaintiffs, merchants of Birmingham. The bill was protested for non-acceptance on the 10th September, and notice given to the defendants on the 17th October, after which Baring, Brothers & Co. of London accepted it *supra protest* in these words: "Accepted under

protest and account for honor of the drawers, and will be paid for their account if needful, and regularly presented when due." The bill was subsequently sent to Liverpool to be presented to the drawees for payment. The correspondents of the plaintiffs at Liverpool, on the 10th November, enclosed the bill to the plaintiffs in a letter, with advice that the presentation should be made in London, and the letter was put in the post office on the same day, in season for the mail for Birmingham on that day, but by some oversight of the clerks in the post office it was not sent until the next day, and consequently · did not reach the latter place until the 12th November, which was *Saturday*. The bill could not be forwarded to be presented in season on that day, and *Monday* after was too late. Had the letter been forwarded from Liverpool on the 10th by the mail which left there on the evening of that day, it would have reached Birmingham about eleven o'clock A. M. of the next day, and might have been forwarded from thence to London by mail on the afternoon of the same day at 4 P. M., and would have reached London in sufficient time for the general delivery of letters, between 9 and 10 o'clock on the following morning, which would have been in season. The bill reached London on the 14th November, and payment was demanded of Messrs. Baring, Brothers & Co. who gave the following answer in writing : " Baring, Brothers & Co. accepted this bill conditionally, viz. to pay it if needful and regularly presented when due. The bill is expressly made payable in London, where payment should have been sought on the 12th inst. ; that has not been done, and therefore they consider their friends, Messrs. Le Roy, Bayard & Co. as well as themselves, are acquitted from all liability by such irregularity." The bill was protested for non-payment, and notice given to the defendants on the 10th January, 1826. Messrs. Crowder, Clough & Co. . were bankrupts when the bill was drawn, the drawers had no funds in their hands, and the bill would not have been paid by them had it been presented to them for payment when due. A verdict was taken for the plaintiffs for the principal, damages, exchange and interest, subject to the opinion of this court on a case made.

ALBANY.
January, 1830.

Schofield
v.
Bayard.

*G. Griffin,* for plaintiffs. The acceptance of the bill having been refused, and notice given to the drawers, the holders had a consumated cause of action against the drawers, without presenting the bill again for payment, notwithstanding the acceptance *supra protest.* Such acceptance is not like an original acceptance.; it probably imposed the duty of waiting, but did not destroy the right of action already attached ; it was simply a collateral security.

If the presentation of the bill to the drawees for payment was under the circumstances of the case necessary, the protest in London was equivalent to such presentation. *Laches* is not imputable to the plaintiffs ; due diligence was used on their part, and but for the accident or oversight in the post office at Liverpool, the bill would have been duly presented for payment on the day it fell due. The general rule is that *due diligence* shall be used by the holder, but if by accident or circumstances over which he has no control, a bill is not presented until after the lapse of the day of payment, he loses not his remedy. (Molloy, b. 2, ch. 10, § 27. See also 7 Mass. R. 483.) Where a bill drawn on *Leghorn* was not presented in due time, owing to the political state of the country, which rendered it impossible to present it, it was held that the due presentment of a bill necessarily implied an exception in favor of those unvoidable accidents which must prevent the party from doing it within the regular time. (2 Smith's R. 223.)

*D. B. Ogden,* for defendants. Whatever right of action existed was waived by the acceptance *supra protest.* The holders were not obliged to take such acceptance, (Chitty on Bills, 242, citing 2 Campb. N. P. 447 ;) but having elected to receve it, they were bound to treat it as an accepted bill, and accepted too in the terms imposed by the acceptors. If a bill is not present when |due, the acceptor is discharged. The mail accident is no excuse. Why was not the bill retained in London ? why was it sent to Liverpool ? It is the fault of the parties themselves that it was not duly presented. Had it been presented, the probability is it would have been paid, as the only answer given was, that it was not presented in time.

*Griffin,* in reply. What is the effect of having a subsisting demand, and taking a collateral security? The party has a cumulative remedy. There is no case and no principle to support the doctrine that an acceptance *supra protest* destroys the right of action existing on non-acceptance and notice. The plaintiffs were not bound to keep the bill in London. It is a new principle of commercial law, that a bill must be retained in the place of acceptance. Bills of exchange, and particularly after acceptance, are intended to be negotiable and transferrable.

ALBANY
January, 1830.

Schofield
v.
Bayard.

*By the Court,* SAVAGE. Ch. J. Where a bill is accepted *supra protest,* the holder must demand payment, and if refused, notice of such refusal must be given. Such acceptance is a conditional engagement; and to render such acceptor absolutely liable, the bill must be duly presented for payment to the drawee, and protested in case of refusal. (Chitty on Bills, 242. 16 East, 391.) The above authorities say the payment must be demanded of the drawees; but if the bill is payable at a particular place, payment must be demanded at that place. In this case the only real question is, whether the holder is excused by reason of the mistake in the post office at Liverpool, from not making demand in season. It is proved in this case that the drawees were bankrupt when the bill was drawn, and had no funds of the drawers at that time or since, and that at no time would they have accepted or paid the bill. It does not appear, however, that the bill would not have been paid by the acceptors had it been regularly demanded. In the case of *Patience* v. *Townley,* (2 Smith, 223,) a bill drawn on Leghorn, due the 10th September, 1800, was not demanded till the 31st December; Leghorn being then occupied by the enemy, or in some such critical situation it was impossible to present it in season. The plaintiff had a verdict, which the court refused to set aside, Lord Ellenborough saying; "Duly presented, is presented according to the custom of merchants, which necessarily implies an exception in favor of those unavoidable accidents which must prevent the party from doing it within the regular time;" and it was left to the jury to say whether, from the situation of the country, it was impossible for the plain-

tiff to present it in due time. That cause presented a case of impossibility ; but this case presents no impossibility, if due diligence had been used. The plaintiffs should not have sent the bill to Liverpool at all. It is true, that after the letter containing it had been left at Liverpool, on the 10th November, it could not have reached London in season ; but it was the fault of the plaintiffs to have parted with the bill in the manner they did. Instead of sending it to Liverpool, they should have sent it to London, and then it would have been in season, and probably would have been paid.

. I am of opinion that, by the law merchant, payment should have been demanded in London on the 12th of November; and that not having been done, and there being no impossibility to prevent it but what is attributable to the want of due diligence on the part of the holders, the defendants are legally discharged, and are entitled to judgment.