Judge Wright
delivered the opinion of the court:
We are unanimously of opinion that there was no error in the charge of the court. The question of diligence is one of law, and for the court in all cases where the facts are ascertained. When the facts are contested, the legal question is mixed with the facts, .and goes to the jury under instructions from the court, upon the law arising upon the various hypothetical state of facts claimed to be made out in evidence. On the trial of this case there was no dispute about the facts; they were conceded, and we all think, with the judge who gave the cause to the jury, that the circumstances in proof did not establish the use of that diligence required by law of an indorsee of a note to enable him to recover of an indorser, nor excuse the omission.
Section 5 of the act of 1820, making certain instruments of writing negotiable, 29 Ohio L. 217, provides that if in suits by an indorsee against an indorser the plaintiff shall prove a demand of the maker, when the note became duo, “ or within a reasonable time thereafter, it shall be adjudged due diligence." Counsel have examined at length what is the reasonable time mentioned in this provision, in the hope of eliciting from us a construction of the law as a rule of practice. We admit the importance to community of a construction of this act. As it respects paper strictly commercial, such as is on its lace made negotiable at banks, we think our law has made no innovation upon the rule of the law merchant. *69 As to other descriptions of negotiable paper, we have not been able to unite our minds, or those of even a majority of us, upon a construction of the statute that would carry into execution the meaning or intention of the legislature.
New trial refused, and judgment on the verdict for the defendant.