JARVIS W. LAKE APPELLANT, *v.* THE ARTISANS' BANK,
RESPONDENT.

*Promissory Note—Endorser not charged—Recovery after Payment.*

When an endorser who has not been charged, pays a protested note to the
holder under a mistaken idea communicated by the holder, that he has been
charged, he may recover back the money paid.

When the Plaintiff had been nonsuited by the Court, in an action tried
before a jury, and the Judge in doing so had ignored entirely evidence offered
by Plaintiffs, a general exception to the nonsuit was sufficient to enable the
appellate Court to refer to the testimony to see if a nonsuit was properly
ordered.

PARKER, J.—This action was tried at the Circuit before the Court
and a jury, and upon the Plaintiff's resting his cause, the Court,
upon the Defendants' motion, dismissed the complaint, to which
the counsel for the Plaintiff excepted, and the Judge ordered the
exception to be heard in the first instance at the General Term.

I think the General Term of the Supreme Court was right in
regarding the case as properly before it for decision. The excep-
tion was one taken upon the trial, and is, I think, within the class
of exceptions mentioned in sec. 265 of the Code, which the Judge
may order to be heard, in the first instance, at the General Term.
The dismissal of the complaint, in this case, was only equivalent
to a nonsuit, and raises the same questions (Coit *v.* Beard, 33
Barb. 357; Lomer *v.* Meeker, 25 N. Y. R. 361). The section
(subdivision 1) is as follows: " A motion for a new trial on a case,
*or exceptions,* or otherwise, and an application for a judgment on a
special verdict, or case reserved for argument or further consid-
eration, must, in the first instance, be heard and decided at the
Circuit or Special Term, except that when *exceptions* are taken, the
Judge trying the cause may, at the trial, direct them to be heard,
in the first instance, at the General Term, etc."

Now, if a motion for a new trial on exceptions, where a nonsuit
is granted, the only exception being to the nonsuit, is within the
provisions of this section (and it cannot, I think, be doubted that
it is), it is equally clear that an exception taken to a nonsuit may

be ordered to be heard, in the first instance, at the General Term.

What, then, is the effect of the exception taken? Does it bring up for review the question whether there was anything for the jury to decide, or only the question whether the legal conclusion drawn from the facts which the evidence tended to prove, was the correct one?

In regard to any fact which may be drawn from the evidence bearing upon the ground of the nonsuit, no doubt the Plaintiff is concluded, and such fact is deemed to have been assumed by the Judge with the consent of the Plaintiff. The nonsuit was upon the ground that the Defendant was the owner of the note, and under no obligation to the Plaintiff to charge his prior endorser. All the facts which the evidence tends to prove bearing upon this question, we must deem assumed by the Judge with the Plaintiff's consent. But assuming the Court correct in holding that the Plaintiff had no cause of action against the Defendant for negligence in omitting to charge the prior endorser, still there is another question raised by the pleadings and the evidence; and that is, whether the Plaintiff did not pay the note to the Defendant under such a mistake of facts as to entitle him to recover back the money paid. This question was entirely ignored by the Court at the Circuit, although it is a prominent issue in the case. The evidence is by no means so slight in favor of the Plaintiff, upon this issue, that we can reasonably conclude it was assumed and conceded to be against him; it is, on the contrary, very strongly in his favor. It would be carrying the rule too far, I think, to hold in such a case, that the Court did assume and the Plaintiff concede the facts bearing upon this issue, which was not at all considered by the Court to be against the Plaintiff. The case was so evidently decided by the Court upon a wrong issue, that I think the exception to such decision should be deemed sufficient upon a review to enable the appellate Court to afford an opportunity for the correction of the error.

The Plaintiff clearly ought not to have been nonsuited in the

case. He was not on the 27th of July, when he paid the note, under any legal liability to pay it, for he had not been charged as endorser, and it was then past due. It is said he waived want of notice by the act of payment. True, he did, if he paid with knowledge that he had not been charged (Tibbetts *v.* Dowd, 23 Wend. 379). But it is very questionable whether he did pay with such knowledge. The cashier told him that the note had been protested, and that he had charged over the amount to him. This was equivalent to an assertion that he, the Plaintiff, had been legally charged as endorser, as he might have been without his knowledge, having been absent from his residence and place of business when the note matured, and several days after (Coddington *v.* Davis, 1 Coms. 186). True, the note and two notices of protest from the notary, one directed to him and one to Bates, the prior endorser, were, at the time he was so informed by the cashier, delivered to him with the note. But this was entirely consistent with the fact which he understood from the cashier. The bank being the owner of the note might have preferred to send its own notices.

But even if he did pay, knowing he had not been charged as endorser, still, did he not, as he swears he did, pay under the belief induced by the statement of the cashier, that Bates had been charged? The evidence that he did so pay it, is so strong that the fact is almost undeniable. There is nothing to contradict it but the delivery to him of the notices, as above stated. It is not credible that he paid the note to the Defendant, which there was no obligation on him whatever to pay, knowing that he was not liable, and that his prior endorser, the only other solvent party to the paper, was also discharged by the neglect of the Defendant to charge him.

If, then, he paid it under the mistake above mentioned, in respect either to his or Bates having been charged as endorser, there can be no doubt that he was entitled to recover (Waite *v.* Leggett, 8 Cow. 195; Wheadon *v.* Olds, 20 Wend. 174; Chester *v.* The Bank of Kingston, 16 N. Y. R. 336).

That would not have constituted a "voluntary payment," for the payment, if so made, was not made with full knowledge of all the material facts.

The Supreme Court at General Term should have set aside the nonsuit, and ordered a new trial. The judgment must therefore be reversed, and a new trial ordered, costs to abide the result.

All concur. Reversed.