### NATIONAL BANK OF MONTICELLO *v.* J. M. BRYANT, ET AL.

**Commercial Paper—Indorsement.**

The effect of indorsing a bill or note is a conditional contract on the part of the indorser to pay in case of the acceptor's or maker's default, provided proper and prompt measures be taken to fix the liability of the indorser by making demand and giving him notice of the default.

**Days of Grace.**

The presentment and demand necessary to make an indorser of a bill or note liable must be made on the last day of grace. If made after the last day or before the last day only, such indorser is discharged.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

September 6, 1876.

OPINION BY JUDGE COFER:

It is a fundamental doctrine of the law merchant that the effect of indorsing a bill or note is a conditional contract, on the part of the indorser, to pay the immediate or any succeeding indorsee or holder of the bill, in case of the acceptor's or maker's default, provided proper and prompt measures be taken to fix the liability of the indorser by making demand and giving him notice of the default. Byles on Bills, p. 2.

It is consequently well settled that in order to charge the indorser of a bill of exchange, or of a promissory note placed upon the footing of a bill, the instrument must be presented for payment, and due notice of dishonor must be given to all persons intended to be held liable and who would have a right, upon paying it, to maintain an action thereon. Smith Mercantile Law, pp. 303-4; Byles on Bills, pp. 169-170.

Such presentment and demand must be made on the last day of grace. *Battertons v. Porter,* 2 Litt. 388; *Pintt v. Eads,* 1 Blackford 182; *Bussard v. Levering,* 6 Wheaton 102. If not made until after that day is passed, it will be ineffectual to charge the indorsers (*Woodbridge v. Brigham,* 12 Mass. 403; *Davis v. Herrick,* 6 Ohio 55) unless presentment and demand be waived by the parties, or be excused by some fact which prevented the holder, although exercising reasonable diligence, from making presentment and demand in proper time. *Schofield & Taylor v. Bayard, et al.,* 3 Wend. 488; *Windham Bank v. Norton, Converse & Co.,* 22 Conn. 213.

If presentment and demand be not made until after the expiration of the last day of grace the indorsers will be discharged (*Woodbridge v. Brigham,* 12 Mass. 403; *Davis v. Herrick,* 6 Ohio 55), unless presentment on that day be excused, in which case it must be made as soon thereafter as is reasonably practicable. *Windham Bank v. Norton, Converse & Co.,* 22 Conn. 213; *Morgan, et al., v. Bank of Louisville,* 4 Bush 82.

Applying these principles to the case in hand, its solution is not difficult. The appellees, who were indorsers of a note negotiable and payable in the National Bank of Monticello, Ky., denied that said note was duly presented at the counter of the bank and payment demanded and refused. The evidence showed that the note was dis-

counted by the bank and held by it at maturity, and that the makers had no funds there with which to make payment. It was, therefore, not necessary to make a special and formal demand in order to charge the indorsers. *Folger, et al., v. Chase, et al., Ex'rs,* 18 Pick. 63; *Jenks v. Doylestown Bank,* 4 Watts & Serg. 505.

But the evidence also shows that the note was protested October 27, which was the first, instead of the last day of grace, and that it was then delivered to an attorney to institute suit thereon, and that October 30, the day after the last day of grace, he returned it to the bank and called attention to the fact that it had been prematurely · protested; but no formal demand was then made, all that was then done being simply to change the date of the former protest from the 27th to the 29th.

If the note had been at the bank in the custody of its officers on the 29th, the last day of grace, no presentment and demand would have been necessary. 1 Daniel on Negotiable Instruments 486. But it was not there, and the failure to have it there has no other excuse than the unexplained oversight of the officer of the bank. As already seen, the undertaking of the indorsers was conditional, and one of these conditions was that the holder of the note would make due presentment and demand at the time and place of payment. The holders having failed to perform the condition upon which the indorsers undertook to be bound, they are discharged. *Chickopee Bank v. Philadelphia Bank,* 8 Wall. 641.

This seems at first blush a rigid rule, but it must be borne in mind that the appellees were not the injured debtors of the bank. They merely undertook upon certain well understood conditions to answer for the default of the makers of the note, and they cannot be held liable otherwise than by the terms of their agreement. If the appellant could part with the possession of the note until the day after the expiration of the days of grace, and then do that which should have been done the day before, and still hold the indorsers liable, no reason is perceived why they might not have waited for a month or a year.

It is not necessary in such a case that the indorsers should show that they have been prejudiced by the delay. It is enough that by the terms of their contract they were only liable in case such delays did not occur.

*Alexander, Dickinson,* for *appellant.*
*Gibson & Gibson,* for *appellees.*