WARREN L. SCOTT, RESPONDENT, *v.* JAMES L. MEEKER, APPELLANT.

*Burned check — bond of indemnity need not be given to the drawer — 2 R. S., 406, §§ 75, 76, only appliable to lost checks — Presentment of check excused, when impossible — A subsequent promise to pay is a waiver of a failure to present a check — A drawer of a check is not discharged unless he is injured by a failure to present it.*

The defendant, being indebted to the plaintiff on a promissory note, mailed to him his check on a bank for the amount thereof, on receipt of which the plaintiff returned and surrendered the said note to the defendant. On the morning of the day after the check was received it was accidentally burned and destroyed. The defendant on being informed of its destruction promised the plaintiff to pay him, but subsequently refused so to do.

In this action brought by the plaintiff to recover the amount due to him, *held*, that he was not required to tender to the plaintiff a bond of indemnity, as the statute requiring such a bond (2 R. S., 406, §§ 75, 76) only applies where a check or note has been lost, and not where it has been destroyed.

That as the destruction of the check rendered it impossible for the plaintiff to present it for payment, he was excused from so doing.

That in any event the subsequent promise of the defendant to pay the check when informed of its destruction was a waiver of any defence that might arise from the failure of the plaintiff to present it for payment.

That as the check did not operate to discharge the debt evidenced by the note until it was paid, *laches* of the plaintiff in presenting it for payment would not discharge the defendant from liability for the debt, unless it was shown that the defendant was injured by such *laches*.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*William J. Palmer* and *F. Jacobs, Jr.*, for the appellant.

*W. Youmans.* for the respondent.

Bockes, J :

The facts of this case material to be noted are as follows : The defendant was indebted to the plaintiff on a promissory note for $55.13, made by the former to the latter ; for this indebtedness the defendant sent to the plaintiff his check on the Delaware National Bank at Delhi, N. Y., and the note was surrendered and delivered up to the defendant ; the check was forwarded to the plaintiff by mail, and was received by the latter in the evening ; on the following morning it was inadvertently and by accident burned up and thus destroyed ; the plaintiff informed the defendant of the fact, and thereupon the latter, with knowledge of all the facts promised the plaintiff to pay him ; afterwards he refused to do so, and this action was brought. Some other facts were averred in the pleadings and were proved or attempted to be proved, but they are wholly unimportant, and need not be considered on this appeal.

The facts above detailed were all well proved on the trial, and came within the scope of the pleadings. The referee has in substance certified them as established ; and they seem to be well established by the evidence. Let us examine the question of law applicable to them. The defendant contends, in the first place, that no recovery could be had without a tender to the plaintiff of a bond of indemnity against the destroyed check. This objection is not well taken. The statute which requires the giving of a bond of indemnity, in case of the non-production of a bill or note, is limited to cases of *lost* instruments, and has no application to the case of a *destroyed* check or note. (2 R. S., 406, §§ 75, 76; *Des. Arts.* v. *Leggett*, 16 N. Y., 584; *Streever* v. *Bank of Fort Edw.*, 34 id., 415; *Wright* v. *Wright*, 54 id., 441.) If destroyed the instrument can never be produced or used to the injury of the drawer. The check in this case having been burned up, and thus destroyed before it passed from the hands of the payee, the giving of a bond of indemnity was unnecessary. It is next urged that there could be no recovery in this case without presentation and demand of payment of the check at the bank on which it was drawn. This was rendered impossible by its destruction, which was in fact without the plaintiff's fault. He was not bound to perform an impossi-

bility, hence was excused from this duty. (*Schofield* v. *Bayard*, 3 Wend., 488; *Windham Bank* v. *Norton*, 22 Conn., 214; *Beale* v. *Parrish*, 20 N. Y., 411.) In the last case cited the court says, in speaking upon this subject, that the law will go no further than necessity requires. In the *Connecticut Case* it was held that non-presentation was excused by any inevitable or unavoidable accident not attributable to the fault of the holder, provided he made a presentment as soon as he was able. So in the third *Wend. Case*, it was held that where there was an impossibility to present the bill on the day it fell due, owing to unavoidable accident, and the holder is not in fault for the delay, a subsequent presentment will be good. Here the impossibility has not been removed, even to the present time ; so the holder was guilty of no laches on account of the omission to make presentment. The delivery of the check to the plaintiff was subject to the condition that the latter should have the opportunity to make presentment. He had no opportunity to do so on the evening of its reception through the mail, and he was deprived of its possession on the following morning, before he could do so, by an accident occurring without his fault. In this view of the case the defendant did not, in fact, put it in the plaintiff's power to make presentment, hence cannot urge laches against him for his omission.

But the decision of the case does not necessarily rest upon these considerations. The promise to pay subsequently made by the defendant to the plaintiff relieves the case from all difficulty. The plaintiff testified that he wrote to the defendant and informed him of the loss of the check, and asked for the amount of it ; that in reply the defendant wrote him as follows : " Your favor red'd. I will pay that in a few days. Please do not make any costs. Yours resp., J. L. Meeker." Now it seems that the defendant made this promise to pay the check with knowledge of the facts attending its non-payment and non-presentment at the bank. It is well settled law that a promise to pay made by a drawer or indorser of a bill or note after due, with knowledge of its non-protest, will cure the laches. (*Reynolds* v. *Douglass*, 12 Peters, 505; *Thornton* v. *Wynn*, 12 Wheat., 183; *Sigerson* v. *Mathews*, 20 How. [U. S.], 496; *Meyer* v. *Hibsher*, 47 N. Y., 265; *Tebbetts* v. *Dowd*, 23 Wend., 379; *Brooklyn Bank* v. *War-*

*ing,* 2 Sandf. Chy., 4; *Lake* v. *Artisans' Bank,* 3 Keyes, 278; *Buckley* v. *Bentley,* 42 Barb., 650; Edw. on Bills and Prom. Notes, 650; *Ross* v. *Hurd,* 71 N. Y., 14.)

The principle on which the promissor is held in such cases is, that his promise is an admission that the holder has the right to resort to him, and that he has suffered no loss for want of demand and notice of non-payment. It was said in the last case cited that a promise, made under these circumstances, affords the clearest evidence that the promissor does not intend to take advantage of the laches of the holder of the bill or note, and the law, without any new consideration moving between the parties, gives effect to the promise. It seems, therefore, that the defendant was bound by his subsequent promise to pay, even if it be admitted that the plaintiff was guilty of laches in omitting to make presentment and demand of payment of the check.

There is still another ground on which the decision in this case may stand. A check drawn on a bank by a depositor on his bank account has not all the attributes of an inland bill of exchange. These checks are employed under the usages of business as a matter of convenience to effect payment by the drawer of his debt to the payee. They do not effect the purpose of their delivery until paid, and are given, rather as an evidence of the drawers' indebtedness than otherwise, without any intention of imposing upon the payee and holder many of the obligations which attach to ordinary commercial paper. Some of the distinctive features between a check drawn by a depositor upon his bank account, and a bill of exchange were noted in *Merchants' Bank* v. *State Bank* (10 Wall., 647), one of which was that the drawer was not discharged by the laches of the holder in omitting presentment for payment, *unless it be shown that he sustained some injury by the default.* The distinction here alluded to is recognized in *Espy* v. *Bank of Cincinnati* (18 Wall., 620), and also in Morse on Banks and Banking, 257, et al. (second edition). It is laid down in the latter book that the drawer of a check is not discharged by any length of delay in presentment, unless he can show actual loss or injury to himself by reason of such delay. Actual loss to the drawer of a check on a bank by reason of its non-presentment for payment seems to be the test, in determining

the question of his discharge from liability growing out of the delay. (Morse on Banks and Banking, 281 [2d ed.].) It was said in *Brust* v. *Barrett* (16 Hun, 412), per SMITH, J., that "where no change of circumstances has occurred in the intermediate time, between the drawing and presentment of the check, materially affecting the rights or interests of the drawer in respect to the drawee, the drawer will, in general, remain liable." Now, the check in this case did not operate as a discharge of the debt evidenced by the note, but was evidence of that indebtedness. It could only operate as payment of the debt when paid. The defendant was therefore liable for the debt evidenced by the note, not paid by the check, and a recovery might be sustained therefor on a surrender of the check, or what would be its equivalent, showing its destruction. Of course, had the plaintiff so used the check or so neglected to use it that damages had resulted to the defendant from his acts or negligence in that regard, the case would be different. But not only is there here no proof of such injury to the defendant, but it is made entirely clear by the evidence that the defendant has suffered no loss from the omission to present the check for payment. He cannot, therefore, insist upon the plaintiff's *laches* as a defence. The debt remains unpaid. No reason exists in justice or equity for its non-payment.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.