SAMUEL SEELY, APPELLANT, *v.* THE NEW YORK CEN-TRAL AND HUDSON RIVER RAILROAD COMPANY, RESPONDENT.

*Practice — the court cannot, after granting a nonsuit, order the exceptions to be first heard at the General Term — Code of Civil Procedure, sec.* 1000.

Where in an action tried at the circuit, before the court and a jury, a nonsuit has been granted, the court cannot, since the passage of the Code of Civil Procedure, order the exceptions to be heard in the first instance at the General Term.

APPEAL from an order, made at the Rochester Special Term, denying, after hearing the argument of counsel, a motion made by the plaintiff, upon a case theretofore made and settled, to have vacated and annulled an order made by the judge presiding at the trial of the action at circuit, directing the exceptions to be heard in the first instance at the General Term, and for an order that judgment be entered by defendant for its costs. By the case as settled, on which the motion was made, it appears that "the court thereupon granted a nonsuit and decided that the plaintiff be nonsuited, to which decision of the court granting such nonsuit plaintiff's counsel

duly excepted. The judge presiding at the trial directed an order to be entered that the exceptions so taken be heard in the first instance at the General Term, and that judgment be suspended in the meantime. The plaintiff immediately at same term made a motion on the judge's minutes for a new trial upon the exceptions and because the decision is contrary to the evidence and contrary to law, which motion the judge entertained and on hearing counsel for the respective parties ordered that the said motion for a new trial be denied, and the plaintiff duly excepted to such decision."

*Stephen K. Williams*, for the appellant.

*W. H. Adams*, for the respondent.

HAIGHT, J.:

This cause was tried at the Wayne Circuit in February, 1880. A jury was empanneled and sworn, and at the end of the evidence the defendant moved for a nonsuit, which was granted by the court, and exceptions were taken by the plaintiff. The justice presiding at the trial thereupon ordered that the exceptions be heard in the first instance at the General Term. Thereupon the plaintiff moved, at Special Term, to vacate the order. The Special Term denied the motion, and from such order the plaintiff appeals to this court. Under section 265 of the Code of Procedure the Court of Appeals have held that in an action tried at the circuit before the court and a jury, the exceptions taken to a nonsuit may be ordered to be heard in the first instance at General Term. (*Lake* v. *The Artisans' Bank*, 3 Keyes, 276.) This decision settles the practice under the old Code. It now remains to be seen whether the practice has been changed by the Code of Civil Procedure. Section 1000 provides: "Upon the application of a party who has taken one or more exceptions, the judge presiding at a trial by a jury, may, in his discretion, at any time during the same term, direct an order to be entered that the exceptions so taken be heard in the first instance at the General Term, and that judgment upon the verdict be suspended in the meantime." From the language quoted it will be seen that the judgment upon the verdict is to be suspended. If there is no verdict there is nothing to suspend.

This court, in the case of *Van Doren* v. *Horton* (reported in 19 Hun, page 7), held that a motion for new trial could not be made upon the judge's minutes where a nonsuit had been granted; that the granting of a nonsuit was, in effect, a trial by the court under section 1346 of the present Code. The court was giving construction to section 999 of the Code. That section provides that "the judge presiding at a trial by jury may, in his discretion, entertain a motion made upon his minutes at the same term to set aside *the verdict* and grant a new trial upon exceptions." If there was no verdict rendered by the jury, then there would be nothing upon which the court could entertain a motion upon the minutes. If the motion cannot be entertained, it follows that the case must go to the General Term in the first instance, and no order to that effect is necessary. I am, therefore, of the opinion that the practice adopted by the court was irregular.

Order appealed from reversed and motion granted.

SMITH, P. J., and HARDIN, J., concurred

So ordered.